## Appeal of Gable's Executors.

*Executors, Liability of, for Interest.—Partial Distribution allowed where absent Distributees are secured.—Payment into Court by Executor when proper.—Grandchildren when not included in term Children.*

1. Where the assets of a decedent's estate are invested and drawing interest, the executors, after filing their account, are chargeable with interest upon the balance for distribution therein up to the date of the final decree, even though they have charged themselves with the principal of the uncollected securities ; and it was not error in the Orphans' Court to confirm an auditor's report, wherein, upon part of the fund, interest was charged from the date of a former auditor's report and upon the balance, from the date of the confirmation of the first account by the Supreme Court, up to the filing of the second report, though the first auditor's report was filed before the confirmation of the first account, and in the second, the auditor went back of that account as confirmed to the date of the first report, as a period from which to calculate the interest upon a part of the fund.

2. It is not error to permit a partial distribution of an estate (a share in which is claimed by one whose right as a legatee under the will had not been determined), if, in the opinion of the Orphans' Court, enough of the estate remains thereafter to satisfy the claim when it should be established ; if not, a sufficient sum should be set apart and invested under the direction of the court to abide the event.

3. Where the names and number of the children of one of those entitled under the will, who died before testatrix, had not been ascertained; it was not error in the Orphans' Court to order the share of the father to be paid into court to await further order and decree ; for in this way the executors would be relieved from responsibility, and the distribution to each child made as by law entitled.

4. A testatrix by will divided the residue of her estate into two parts, giv-

ing one half to her brothers and sisters of the whole blood, and the children of such of them as were deceased, share and share alike, the children of each deceased brother or sister to take together for their share, an amount equal to the share of a surviving brother or sister, and no more; the other half of her estate was given to the brothers and sisters of her deceased husband and their children in similar terms. *Held*, that under the will "grandchildren" were excluded, and were not entitled to any portion of the estate, as the word "children" in itself did not include "grandchildren" or "issue"—therefore it was error in the Orphans' Court to award any portion of the estate to the grandchildren of the deceased brothers and sisters of testatrix, or those of the brothers and sisters of her deceased husband.

APPEAL from the Orphans' Court of *York county*.

This was an appeal by the executors of Veronica Gable from the decree of the Orphans' Court, on the report of the auditor to whom their account was referred for distribution.

Veronica Gable, the testatrix, died on the 9th of October 1857. Her will was proved in the register's office of York county, on the 14th of the same month and year. The executors filed an inventory on the 27th of the said month and year, amounting to $21,208.80. On the 7th of January 1859, a citation was issued to them to settle an account. On the 24th of January 1859, they settled their *first* separate accounts, including nothing but personal estate actually received by them, exhibiting a balance on the account of Michael Gable of $6527.57, and on the account of Elias Tome of $6180.70. Exceptions were filed to these accounts by the legatees, certain items of credit were stricken out, and they were charged with additional interest. The accountants appealed to this court to May Term 1860, and the decree was affirmed: Gable's Appeal and Tome's Appeal, 12 Casey 395. An auditor was appointed to distribute the balances on their accounts corrected as above stated, before whom the legatees and parties interested were either present or represented by counsel, except one or two branches of the family who were living at a distance.

Ann Paul, of Ohio, who claimed to be the daughter of George Gable, deceased, a brother of Frederick Gable, deceased. was also represented, but nothing was awarded to her by the auditor. Her counsel filed an exception to the report for this reason, testimony was taken on both sides, but the court confirmed the report of the auditor, without entering a decree that might preclude her from showing, if she could, a better case when the residue came to be distributed. The aggregate amount distributed by the court was $13,805.43. Beside this sum, there was and is still a large amount of money in the hands of the executors. On the 14th of December 1859, they filed their second separate accounts, which were excepted to by the legatees. On the 28th of March 1861, the auditor filed his report showing a balance in the hands of Michael Gable of $2706.56, exclusive

of all disputed claims, and leaving $500 in his hands to cover expenses of litigating their recovery, and a balance in the hands of Elias Tome of $3258.13 above all disputed claims, and leaving the like sum of $500 to meet expenses of litigation.

The following exceptions were filed by the accountants on the 16th of April 1861, and on the 29th of August 1861 :—

1. The court is respectfully requested to direct the auditor to file the evidence upon which he reports, that "the parties in interest were all present or represented by counsel," stating who they were and by whom represented.

3. The auditor erred in going behind the balance on the account of Michael Gable, as confirmed by the Supreme Court on the 31st of May 1860, and charging him with interest from the 21st of March 1860. And he also erred in charging him with interest on the sum of $6220.43, from the 31st of May 1860.

4. The auditor erred, in awarding under the residuary clause of the will of the testatrix, portions of her estate to grandchildren of her deceased brothers and sisters, and of the deceased brothers and sisters of her late husband.

The Orphans' Court allowed the first exception, and directed the auditor to file the evidence therein mentioned.

The other exceptions were dismissed, and the share of certain of the deceased heirs directed to be paid into court to await further orders and decrees to be made on ascertaining the number and names of their children and grandchildren.

The case was thereupon removed into this court by the executors, at whose instance the following errors were assigned :—

1. The court erred in making the decree for distribution without any evidence, and without requiring any taken by the auditor to be produced as previously directed in the opinion filed.

2. The court erred in deciding that the accountants had no right to file exceptions to the auditor's report.

3. The court erred in awarding under the residuary clause of testatrix's last will and testament, portions of her estate to the grandchildren of her deceased brothers and sisters, and of the brothers and sisters of her deceased husband.

4. The court erred in not awarding a share of testatrix's estate to Joseph Kelley, a legatee named in her will, and one of the children of Lydia Rumcrap.

5. The court erred in omitting from its decree the child of George Gable, deceased, and in distributing the fund without giving said child any part thereof, and in distributing the whole fund without making any provision for said child out of the fund distributed by its decree, should Ann Paul establish her claim to a legacy under testatrix's will.

6. The court erred in awarding generally, without specifying

them, to the children of Solomon Gable, deceased, the sum of $326.11, and directing the money to be paid by the appellant into court.

7. The court erred in ordering appellant to pay out to distributees the sums awarded to them respectively, without requiring said distributees to execute and deliver refunding bonds as required by law.

8. The court erred in going behind the balance of the account of Michael Gable, as confirmed or ascertained by the Supreme Court, on the 31st of May 1860, and charging him with interest from the 21st of March 1860, and also in charging appellant with interest on the sum of $6220.43 from the 31st of May 1860.

*John Williamson*, with whom were *Samuel Hepburn* and *Thomas E. Cochran*, for appellant, argued :—

1. That as these proceedings were commenced for the purpose of ascertaining to whom, and in what amounts, the balance in the hands of the accountant was to be paid, the court were wrong in decreeing the money to a number of persons without proof of their right to receive it.

2. Executors have a right to except to the distribution made by the auditor : Koch's Estate, 4 Rawle 268 ; Steinman's Appeal, 10 Casey 394.

3. Grandchildren were not entitled to any portion of the estate under the will. The will gives the estate to her brothers and sisters, and the brothers and sisters of her deceased husband, and the *children* of such as are deceased, which word does not ordinarily include grandchildren or issue generally ; 1 Roper on Leg. 69, 72 ; Crook *v.* Brooking, 2 Vernon 107 ; Dickinson *v.* Lee, 4 Watts 82.

4. Joseph Kelly, who is expressly named in the will as one of the children of Lydia Rumcrap, is improperly omitted.

5. There is no rule of procedure in the Orphans' Court, or in Chancery, warranting the exclusion of Mrs. Ann Paul, pending the proceedings instituted by her to prove her interest as the child of the brother of Mrs. Gable's husband.

6 and 7. The order to pay the shares of certain heirs into the Orphans' Court and to the legatees, was irregular and in disregard of the rights of the appellants, who were entitled to refunding bonds with security from each legatee.

8. The addition of interest to the balance in the hands of the accountants, was unauthorized in a proceeding for distribution : Hyer's Appeal, 10 Casey 183.

*V. K. Keesey*, and *Evans & Mayer*, for appellees, sustained

the decision of the Orphans' Court, and answered the several assignments of error by the following authorities:—

1. The accountants must pay under the direction of the court: Act of February 24th 1834, § 99; Act of April 13th 1840; Ludlam's Estate, 1 Harris 188. The distribution was to be between brothers and sisters, or those claiming under them, of the deceased and of her deceased husband. These main truths were known to the auditor, which was sufficient; nor was it necessary to report evidence when there was no controversy or room for it. The principal parties in interest were represented by counsel, between whom there was no dispute as to the right to participate in the distribution.

2. Therefore, the accountants had no voice in the distribution, nor any right to detain the fund in their hands, while such questions are litigated.

3. Whether the grandchildren of Mrs. Stahly are to stand in the place of their deceased parent or not, is of no consequence to the executors. But as the distribution is *per stirpes*, it is fair to suppose that the word children was used in the sense of *issue*. Her family do not raise this question, or wish to exclude any member of it from the distribution; nor are they willing to have it forced upon them by others.

4. There was no such exception as this in the court below, and if there be such a person, his interest can be secured in the next distribution.

5. Mrs. Ann Paul, if entitled to any portion of this estate, can be secured at the same time, and is not here asking for any relief that will suspend the distribution.

6. The payment of this money into court is a perfect and full discharge of these accountants. As a distribution is for the purpose of ascertaining who are entitled to the fund, no one can surely be called upon to file a refunding bond until it is ascertained that he is entitled. The bond is not a condition precedent to the decree, but is in time when payment is demanded: Logan *v.* Richardson, 1 Barr 372; Bixler *v.* Blankenbiller, 8 Watts 64; Act of February 24th 1834, § 2.

8. The interest charge complained of is in accordance with the rules of right. There is no reason why the accountant should retain the interest which accrued on the balance due on his last account, without accounting for it at all, or for some future distribution. The practice of the court is to dispose of the whole matter at once, and distribute with the principal the interest which accrued on it.

The opinion of the court was delivered, January 6th 1862, by

READ, J.—The Orphans' Court were perfectly right in charging interest on the balance for distribution in the hands of the exe-

cutors, for the fund was drawing interest, not for the benefit of the accountants, but for that of the legatees. With regard to the omission of Joseph Kelly in the auditor's report and in the decree, there appears to have been no exception taken in the court below, and we have nothing before us to enable us to correct an error, if there be one. If it is an error, upon being shown to the Orphans' Court, it will no doubt be rectified or provided. for.

With regard to the share to which Mrs. Ann Paul would be entitled, if she can prove herself to be the daughter of George Gable, the brother of Michael, if the Orphans' Court are certain that there will be sufficient funds to pay her, in case she establishes her right, then their present decision can do no harm; but if they are not, then a sufficient fund should be set aside to meet it, and be placed in some safe depository, drawing interest, or in some safe security under the direction and control of the court, to abide the event. In ordering the amount coming to the children of Solomon Gable into court, the Orphans' Court were perfectly right, and the executors should be obliged to them for relieving the appellants from all responsibility in relation to this share.

The auditor, however, made a clear mistake in his construction of the will of the testatrix, by thinking that children included grandchildren. The will divides the residue of her estate into two parts: one half part is given to the testatrix's "brothers and sisters of the whole blood, and the children of such of my brothers and sisters of the full blood as are deceased, share and share alike—the children of each deceased brother or sister to take together, for their share, an amount equal to the share of a surviving brother or sister, and no more," which is exactly the provision of the Intestate Act of 1833, which has never been supposed to include grandchildren; so the disposition of the other half to the brothers and sisters of her deceased husband and their children, in similar language, must follow the same construction, and exclude grandchildren from any share in her bounty.

This construction is the more important, as the last-named legatees are the very same individuals who, under the Intestate Act, claim the after-acquired real estate, which is the subject of the suit by Mrs. Gable's executors against Jacob Daub. They are therefore put to their election, for they cannot claim both under and against the will, and it virtually gives the power to the court to settle both disputes without delay or difficulty.

The decree below must therefore be amended in these particulars, and they will no doubt do whatever the law requires in relation to refunding bonds.

[Appeal of Gable's Executors.]

DECREE.—It is ordered and decreed that the decree of the court below be reversed, so far as relates to the admission of the grandchildren to share as legatees, the brothers and sisters of the whole blood, and the children of such as are deceased, both of the testatrix and of her husband, being only included by the terms of the will; and with this alteration and the recommendation as indicated in the above opinion, the decree is affirmed, and the appeal is dismissed at the costs of the appellants.