## McGlensey's Estate.

*Wills—Construction—Remainder—" Children"—" Grandchildren."*

Under a bequest to children, grandchildren who are the children of a deceased child, are not included, unless it is the clear intention of the testator as shown by the whole will that such grandchildren should be included.

Where real or personal estate is devised or bequeathed to· such children, or to such child, or individuals as shall attain a given age, or the children who shall sustain a certain character, or do a particular act, or be living at a certain time, without any distinct gift to the whole class, preceding such restrictive description, so that the uncertain event forms part of the description of the devisee or legatee, the interest so devised is necessarily contingent on account of the person.

Testatrix left one-half of her estate in trust to her son for the term of his natural life, and upon his death without issue the half was to be merged into a trust thereinafter created for the daughter. The other half of the estate was left in trust to pay the income thereof to the · daughter for life, and upon the death of the daughter to pay the principal thereof to the children of the daughter as might then be living. The son died without leaving issue. *Held*, that the children of the daughter living at the latter's death were entitled to the whole estate to the exclusion of the children of a deceased son of the daughter.

Argued Oct. 9, 1908. Appeal, No. 90, Oct T., 1908, by Thomas B. Harvey, guardian of Henry Hollingsworth Spencer, from decree of O. C. Phila. Co., sustaining exceptions to auditor's report in Estate of Rebecca McGlensey, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Exceptions to report of John A. Clark, Esq.,.auditor.

The case turned upon the construction of the will of Rebecca McGlensey, the testatrix. The material portions of the will were as follows:

"Item: All the rest, residue and remainder of my estate, real, personal or mixed, I give, devise and bequeath unto my friends, Archibald Randall and Erasmus D. Wolfe, their heirs and assigns, in Trust, to invest the same in good and sufficient bonds and mortgages on real estate in the County or City of

Philadelphia, or well secured ground rents bearing interest, and as the interest, dividends or income thereof shall be received in trust to pay one moiety or half part thereof unto my son, John McGlensey, for his sole and separate use during the term of his natural life, but so that the same shall not be liable for any debts, contract or engagement he may make; and after the death of my son John, then to pay the said moiety or half part of such income to the issue lawfully begotten of my said son John (should he have such issue) in equal parts or shares until one of said issue shall attain the age of 21 years or marry, when the principal of said moiety or half part of my estate shall be equally divided among such issue; but if my said son shall die without issue or if none of said issue shall attain the age of 21 years or marry, then the said moiety or half part shall be held for the uses and trusts hereinafter declared as to the other moiety.

"And as to the other moiety or half part of my estate and the interests and dividends arising therefrom, I direct the same to be held in trust to pay the dividends and interest thereof as the same may be received unto my daughter, Katharine Ann Spencer, wife of Henry W. Spencer, for her sole and separate use during all the term of her natural life; and from and immediately after her decease to pay the said dividends and interest unto such of the children of my said daughter as may survive her in equal parts or shares until one of said children shall attain the age of 21 years or marry, when the principal of said moiety shall be equally divided among such of her children as may then be living. But if my said daughter shall die without issue or if none of said issue shall attain the age of 21 years or marry, then the said moiety or half part of the trust shall be held for the same uses and trusts as hereinbefore declared as to the other moiety.

"But if both of my said children shall die without issue, or if none of such issue shall attain the age of 21 years or marry, then I direct the whole of the interest or dividend of the said residue to be paid to my sister, Mary Shedaker, during the term of her natural life, and immediately on the decease of my said sister then the whole residue of my said estate shall be

516          McGLENSEY'S ESTATE.

Statement of Facts—Opinion of the Court. [37 Pa. Superior Ct.

equally divided among the children of my said sister in equal shares or proportions, provided that if any of the said children shall be then dead leaving issue, such issue shall be entitled to the share or part his, her or their parents would have been entitled to if living."

Other facts appear by the opinion of the Superior Court.

*Error assigned* was in sustaining exceptions to auditor's report.

*Albert P. Gerhard*, for appellant.—The intention was to include grandchildren: Eichelberger's Estate, 5 Pa. 264; Campbell's Estate, 202 Pa. 459; Chew's App., 37 Pa. 23.

*John S. Gerhard*, for appellee.—"Children" does not include "grandchildren:" Reck's App., 78 Pa. 432; Hallowell v. Phipps, 2 Wharton, 376; Hunt's Est., 133 Pa. 260; Castner's App., 88 Pa. 478; Tyson's Est., 191 Pa. 218; Lewis's App., 18 Pa. 318; Gable's Est., 40 Pa. 231; Craige's App., 126 Pa. 223; Rudy's Estate, 185 Pa. 359; Delbert's App., 83 Pa. 462; Adams's Est., 208 Pa. 500.

OPINION BY MORRISON, J., December 7, 1908:

The question involved in this case arises under the will of Rebecca McGlensey and is stated by appellant's counsel thus: "Do the words 'such of the children of Catharine Ann Spencer as may survive her' include a grandson, a son of a deceased child?" The learned auditor below answered this question in favor of the grandson, but on exceptions filed by Katharine Giles, the surviving child of Catharine Ann Spencer, the court below sustained the exceptions to the auditor's report as follows: "March 27, 1908, the exceptions to the auditor's report are sustained, and the fund is awarded to Katharine Giles, the surviving child of Catharine Ann Spencer."

The testatrix, by will dated June 3, 1840, gave the residue of her estate as to one moiety in trust to her son, John McGlensey, for the term of his natural life, and upon his death, without issue, such one-half should be held for the uses and

trusts declared as to the other moiety under said will. John McGlensey departed this life on April 15, 1841, without leaving issue, and the entire income of the estate was paid under the terms of the will of testatrix to her surviving daughter, Catharine Ann Spencer, during the term of her natural life. The will further provided that from and after the decease of the said Catharine Ann Spencer, the trustees were to pay the income unto such of the children of the said Catharine Ann Spencer as might survive her, in equal shares or parts, until one of the said children shall attain the age of twenty-one years or marry, when the principal shall be equally divided among such of her children as may then be living. But if the said daughter shall die without issue, or if none of such issue shall attain the age of twenty-one years or marry, then the said moiety or one-half part of the said estate shall be held for the same uses and trusts as hereinbefore declared as to the other moiety. The following paragraph of the will then disposes of the trust estate in the event of both of the children of the testatrix dying without issue, etc. But as the son died without issue, and the daughter died leaving a child, Katharine Giles, the contingency referred to by the paragraph last mentioned did not arise.

The learned court below adopted the construction of the will which gave the trust estate to Katharine Giles, daughter of Catharine Ann Spencer, to the exclusion of Henry Hollinsworth Spencer, a minor, who was the only child of Henry Worthington Spencer, a deceased son of said Catharine Ann Spencer. It thus appears that he was a grandson of said Catharine Ann Spencer and great-grandson of the testatrix. The learned auditor was of the opinion that the will placed this grandson on equal footing with Catharine Giles, daughter of Catharine Ann Spencer.

A careful consideration of the will leads us to the conclusion reached by the learned court below.

The real question is, what is the meaning of the language adopted by the testatrix when she says: "unto such of the children of my said daughter as may survive her," and again, "such of her children as may then be living"? It must be

conceded that it is not the common and ordinary rule for people to speak of grandchildren as children. It is practically the universal rule for parents to mean their own children when they speak of children, and it is just as common for them to use the word " grandchildren " in speaking of the children of their own children. It is true that it has been held that the term " children " includes grandchildren, but this in all cases depends upon the intention of the testator as gathered from the entire will. In Reck's Appeal, 78 Pa. 432, the opening sentence of the opinion by Mr. Justice SHARSWOOD reads: " All mere technical rules of construction must give way to the plainly expressed intention of a testator, if that intention is lawful. It is a rule of common sense as well as law not to attempt to construe that which needs no construction."

In the will under consideration, Rebecca McGlensey said in plain English that after the death of her daughter, Catharine Ann Spencer, the income was to be paid unto such of the children of Mrs. Spencer as may survive her, and she follows this by saying that the principal shall be equally divided among such of her children as may then be living, meaning at the time of the death of the said Catharine Ann Spencer. The auditor held that in this connection the word "children" means "grandchildren." The learned court below held exactly the opposite.

In Hallowell v. Phipps, 2 Wharton, 376, our Supreme Court (p. 379) held: "Under a bequest to children, grandchildren and other remote issue are excluded, unless it be the apparent intention of the testator, disclosed by his will, to provide for the children of a deceased child. But such construction can only arise, from a clear intention or necessary implication; as where there are not other children than grandchildren, or when the term 'children' is further explained by a limitation over, in default of issue. The word 'children' does not ordinarily, and properly speaking, comprehend grandchildren, or issue generally. Their being included in that term, is only permitted in two cases, viz.: from necessity, which occurs when the will would remain inoperative, unless the sense of the word 'children' were extended beyond its natural import;

and where the testator has clearly shown by other words that he did not intend to use the term 'children,' in the proper actual meaning, but in a more extensive sense." In Hunt's Est., 133 Pa. 260, this case of Hallowell v. Phipps is cited with approval by Mr. Justice GREEN, and it is also cited in Harrison's Est., 202 Pa. 331.

In Castner's Appeal, 88 Pa. 478, Mr. Justice STERRETT said in the last paragraph of his opinion (p. 492): "It may be that the testator intended that his grandchildren, the appellants, should, together with his surviving children, be beneficiaries of the continued trust, but if he did, he failed to use language expressive of such intent; on the contrary, we think the language employed evinces a contrary intention." In that case the language used by the testator was, "but if either of my said daughters shall die without leaving issue, and without any last will and testament, then it is my will and desire that the share or portion of such daughter shall be continued under the same trusts as hereinbefore provided, for the use and benefit of my surviving children in equal proportions, in the same manner as hereinbefore directed as to the residue of my estate."

In Tyson's Estate, 191 Pa. 218, it is said by our Supreme Court: "The cardinal rule in the interpretation of wills is to find the testator's intent, and by that is meant his actual, personal, individual intent, not a mere presumptive conventional intent inferred from the use of a set phrase or a familiar form of words."

Campbell's Est., 202 Pa. 459, was relied upon by the auditor, but that case expressly holds that the word "children" does not ordinarily include "grandchildren," but from that will the intention of the testator was found to include grandchildren.

In Gable's Executors, 40 Pa. 231, it was held: "The auditor, however, made a clear mistake in his construction of the will of the testator by thinking that children included grandchildren."

It is contended further that the remainder in controversy was vested in the son and daughter of Catharine Ann Spencer, subject to her life estate, and Chew's Appeal, 37 Pa. 23, is cited in support of that decision. But the question of whether a remainder is to be considered vested or contingent is to be

gathered from the four corners of the will. In Mulliken v. Earnshaw, 209 Pa. 226, it was said by Mr. Chief Justice MITCH-ELL (p. 230): "In the present case there is no room for doubt as to the actual intent of the testator. His words are, after a devise to his widow for life, 'and from and immediately after her death or marriage, I give and devise my said real estate unto my children then living, and the issue of any that may be deceased, in equal parts and shares absolutely and in fee simple the issue of any deceased child to take only the deceased parent's share.' All these remainders are clearly contingent."

In the present case the remainders belong to the class in Craige's Appeal, 126 Pa. 223: 'Where real or personal estate is devised or bequeathed to such children, or to such child, or individuals as shall attain a given age, or the children who shall sustain a certain character, or do a particular act, or be living at a certain time, without any distinct gift to the whole class, preceding such restrictive description, so that the uncertain event forms part of the description of the devisee or legatee, the interest so devised is necessarily contingent on account of the person." This doctrine was again expressly affirmed in Reilly's Est., 200 Pa. 288; also in Raleigh's Est., 206 Pa. 451, and it fits the present will precisely.

In our opinion, reading the will from its four corners, indicates that the testatrix intended, in the contingency of her son John dying without issue, and her daughter Catharine Ann Spencer dying leaving a child or children, that the trust estate should vest in the latter, and that the will does not show an intent to include within its provision grandchildren of Catharine Ann Spencer.

The appeal is dismissed and the decree is affirmed at the costs of the appellant.