# Bower's Estate.

*Appeals—Quashing appeals—Interlocutory decree—Executors and administrators—Party aggrieved.*

An appeal by an executor from a decree of the orphans' court awarding to a legatee an indeterminate amount of his legacy from funds in the hands of the accountant, will be quashed because (1) the decree is interlocutory, and (2) the executor is not a person aggrieved within the meaning of the Act of March 29, 1832, sec. 59, P. L. 190.

Argued Nov. 13, 1911. Appeal, No. 260, Oct. T., 1910, by Frederick Stephen, executor, from decree of O. C. Berks Co., Jan. T., No. 30, awarding a partial distribution in Estate of Sarah A. Bower, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Appeal quashed.

Petition for distribution.

The prayer of the petition was as follows: "Wherefore your petitioner prays your honorable court to make partial distribution of the account now in the hands of the executor so that your petitioner may receive that to which she is entitled."

The decree was as follows: "The within petition having been presented, read and duly considered, the prayer thereof is granted."

*Error assigned* was the decree of the court, quoting it.

*William J. Rourke*, with him *C. H. Ruhl*, for appellant.

*William Rick*, for appellee.

PER CURIAM, December 11, 1911:

The petition, upon which the decree assigned for error was made, prayed the court to make "partial distribution of the amount now in the hands of the executor, so that your petitioner may receive that to which she is entitled." The reason assigned in the petition was that the petitioner was in needy and impecunious circumstances, and had been obliged to borrow money for her current expenses, assigning her legacy as collateral security therefor. The executor filed an answer, and after hearing the court made a decree granting the prayer of the petition for a partial distribution. Before distribution was made the executor appealed.

1. This clearly was an interlocutory decree; it left undetermined the amount to be awarded to the petitioner upon the partial distribution that was ordered. As the learned counsel for the appellee well says, the court might have distributed to her the balance of the principal due on the legacy and interest, or only the principal, or it might have distributed to her only a portion of the balance due and reserved a fund in the hands of the executor. See Gable's Executors' Appeal, 40 Pa. 231. Therefore,

in any view that may be taken of the case, the appeal was premature.

2. Generally speaking, an accountant is not a party aggrieved by a decree distributing funds in his hands as shown by his account, and, therefore, cannot appeal from such decree. We see nothing in the facts of this case to take it out of the general rule. And even if distribution had been made awarding to the petitioner the full amount of her legacy, he would still have had in his hands a fund sufficient to satisfy all lawful claims upon it, and, therefore, could not have been injured. At any rate, it is perfectly clear that the executor, as such, was not a party aggrieved by the interlocutory decree.

The appeal is quashed at the costs of the appellant, Frederick Stephan.