## Harding's Estate.

*Wills—Legacies—Lapse—Gifts to great-nephews—Wills Act of June 7, 1917.*

Legacies to great-nephews, in case of the death of the legatees before the testator, are not saved from lapse in favor of their issue by section 15 (b) of the Wills Act of June 7, 1917, P. L. 403.

Exceptions to adjudication.  O. C. Phila. Co., April T., 1921, No. 175.

The auditing judge, Henderson, J., said in his adjudication:

"In the third clause of her will the testatrix, *inter alia*, provided as follows: 'To my great nephew, Charles B. Buddecke, $1000, or, in case of his death, to his children.' And by the tenth clause she also directed: 'I, further, give and bequeath to Charles B. Buddecke the deposit in the Western Saving Fund Society, of Phila., now located at 10th & Walnut Sts., Phila.—with all interest thereon.'

"Charles B. Buddecke predeceased the testatrix, leaving two children, Charles B. Buddecke, Jr., and Helen Buddecke, both domiciled in New Orleans, La., the former of whom is of full age, according to the laws of that state, and the latter of whom is a minor and is represented by Mrs. Marie Louis Cazano, her legal tutor appointed by the Civil District Court for the Parish of Orleans, Division 'B.'

"The fund now before me is claimed by the children of Charles B. Buddecke and also by the residuary legatee, Cora Morris, who died April 11, 1922, and is represented by her executors. . . .

"This brings me to the other argument for these children—does section 15 (b) of the Wills Act save this legacy to the children of Charles B. Buddecke, a great-nephew of the decedent?

"This section provides as follows: 'Where any testator shall not leave any lineal descendants who would receive the benefit of any lapsed or void devise or legacy, no devise or legacy made in favor of a brother or sister, or of brothers or sisters, of such testator, or in favor of the children of a brother or sister of such testator, whether such brothers or sisters, or children of brothers or sisters, be designated by name or as a class, shall be deemed or held to lapse or become void by reason of the decease of such devisee or legatee in the lifetime of the testator, if such devisee or legatee shall leave issue surviving the testator; but such devise or legacy shall be good and available in favor of such surviving issue with like effect as if such devisee or legatee had survived the testator, unless the testator shall in the will direct otherwise.'

2 D. & C.

"Can this section be construed to save to the children of deceased grand-children of brothers and sisters of a testatrix leaving no lineal descendants a legacy which otherwise would lapse?

"The plain language of the act saves a gift in favor of a brother, sister or the children of brothers or sisters. Here we have set a definite limit. I am asked to give a broader meaning to the word children to include grandchildren of the children of brothers and sisters; in short, the issue, as that is what the argument leads to.

"I am of opinion this cannot be done. The act is in derogation of the right of the heir or of residuary legatee, and should not be extended by construction.

"In section 15 (a) the language employed is: 'No devise or legacy in favor of a child or children, or other lineal descendant or descendants of any testa-tor, . . . shall lapse,' etc. This suggests that the legislature did not use the words 'child or children' in the sense of 'issue,' and, hence, used the amplifying phrase 'or other lineal descendant or descendants.'

"In the report of the commission, in the note to section 15 (b), it is stated: 'The commissioners have not deemed it expedient to recommend any further extension of the law in this regard. An examination of the statutes of other states discloses a great variety of legislative policy—some statutes going so far as to save every legacy from lapse where the legatee predeceases the tes-tator. But statutes such as the present are really canons of construction, intended to carry out an assumed testamentary intent when it is not expressed, and there is great danger of carrying too far rules which import into a written will a meaning which is more or less artificial.'

"I have, therefore, reached the conclusion that this fund should be awarded to the executors of the will of Cora Morris, when duly qualified under the laws of Pennsylvania."

*Charles Myers*, for exceptants; *E. B. Morris, Jr.*, contra.

GEST, J., Oct. 27, 1922.—The question in this case is whether a bequest to a great-nephew who predeceased the testatrix is saved from lapse in favor of his issue by force of section 15 (b) of the Wills Act. We are of opinion that the auditing judge correctly decided this question in the negative.

It is true, as argued by the learned counsel for the exceptants, that the word "children" in wills is sometimes construed to include grandchildren, but this is done where a consideration of the whole will leads to such a conclusion, as in Campbell's Estate, 202 Pa. 459; Joyce's Estate, 273 Pa. 404, and Lewis's Estate, 30 Dist. R. 541; for, as a general rule, the word "children" in wills has its ordinary meaning: McGlensey's Estate, 37 Pa. Superior Ct. 514; Burk's Estate, 21 Dist. R. 357. In the present case, so far as the language of the will itself throws any light on the intention of the testatrix, it favors our interpretation of it, for when the testatrix, in the third clause of her will, bequeathed $1000 to her great-nephew, she is careful to add "or in case of his death to his children," which substitutionary gift is omitted in connection with the bequest under discussion, and this at least shows that she had the contingency of her great-nephew's death before her clearly in mind when she wrote her will. It was admitted by the learned counsel for the exceptants that the word "further" in connection with the latter gift has no explanatory force.

We are, however, concerned here with the construction of a statute, and it is argued that the word "child" in such cases has been interpreted to include grandchildren, Eshleman's Appeal, 74 Pa. 42, being cited, in which section 15 of the Act of April 8, 1833, P. L. 319, Purd., 2002, was construed in this way.

Harding's Estate.

This statute provided that when advancements have been made to a child of the intestate, his distributive share should be reduced accordingly, and in Eshleman's Appeal it was held that the share of a grandchild, who had been advanced by the intestate, should be likewise reduced. In this case the intestate left a daughter to survive him, so that the grandson took by representation through his father, while in Person's Appeal, decided on the same day, and reported in the same volume, page 121, the intestate had advanced two of his children and left only grandchildren. It was there held that the act relative to advancements did not apply, because the grandchildren all took in their own right *per capita*. However, in Storey's and Boyd's Appeal, 83 Pa. 89, the doctrine of Eshleman's Appeal was extended to a case where no children survived and some of the grandchildren had been advanced. A comparison of these cases will show the difficulties arising in this construction of the statute, some of which have been removed in the revision of 1917, section 22 of the Intestate Act; and the great weight of authority in this and other jurisdictions is that the words "child" or "children" in a statute are restricted to their normal meaning of immediate offspring, unless, in exceptional cases, the consideration of the statute as a whole demonstrates that the legislature used them in the wider signification. This is certainly not the case here, as the auditing judge clearly shows in his adjudication by his comparison of this clause *(b)* of section 15 of the Wills Act with clause *(a)* immediately preceding it.

The exceptions are dismissed and the adjudication confirmed absolutely.