## Curran's Estate

Before Gest, Henderson, Van Dusen and Sinkler, JJ.

*Bryan A. Hermes, Nathan Griffith* and *Alfred J. Snyder,* for petitioner.

*Saul, Ewing, Remick & Saul, Acker, Manning & Brown* and *Elmer C. Pfeiffer,* contra.

SINKLER, J., March 24, 1933.—At the audit of the trustees' account, the petitioner, Laura L. Hill, who was the appointee of the testator's widow in the exercise of her power of appointment given her under his will, asked that the accountants be surcharged in respect of certain investments which came into their hands from the testator's estate, and certain other investments made by them. The greater part of the securities were repurchased by one of the accountants from the estate, leaving in controversy securities having a value of about $15,000. In the adjudication filed June 16, 1932, the auditing judge refused all requests to surcharge the trustees. Exceptions filed in behalf of the petitioner were dismissed by the court in banc in an opinion by Henderson, J., November 22, 1932: 17 D. & C. 435. The balance in the hands of the accountants were awarded to the executor under the will of Lillian H. Curran. An appeal to the Supreme Court is now pending.

On February 10, 1933, a decree was made by this court sur petition of Laura L. Hill, awarding a citation to the accountants and as well to John C. Knox as executor under the will of Lillian H. Curran, deceased, who was the widow of our decedent and life tenant of the trust estate created by his will, to show cause why distribution of one-half interest of the petitioner of the balance in the hands of the trustees should not be made to her.

The answers filed by The Pennsylvania Company for Insurances on Lives and Granting Annuities and Mr. Davison, the trustees of the estate of Henry B. Curran, are substantially the same. Both recite that the balance for distribution is awarded by the adjudication to the executor under the will of Lillian H. Curran, deceased; that delivery to another would be a breach of this award; that the petitioner, Laura L. Hill, has taken an appeal to the Supreme Court from the award as made by the adjudication, and that, therefore, delivery of the balance in the hands of the accountants in accordance with the decree prayed for would conflict should such award be amended, changed, or reversed by the Supreme Court. A further reason is given that a sufficient amount should be retained by the trustees to pay the great expense to which the trustees of the estate of Henry B. Curran have been put for costs and counsel fees by reason of the litigation that has been brought about by the petitioner.

The answer filed by John C. Knox, executor under the will of Lillian H. Curran, deceased, concludes with an averment that he has no authority to agree to a partial distribution being made direct to the petitioner because of the

award of the auditing judge and petitioner's appeal to the Supreme Court now pending.

A brief of argument in behalf of the petitioner refers to the decisions in Bower's Estate, 48 Pa. Superior Ct. 394, and Diehl's Estate, 13 D. & C. 644. In the former case it was held upon an appeal from an interlocutory decree of partial distribution that an executor is not an aggrieved party where there would remain in his hands a fund sufficient to satisfy all legal claims upon it, and in the latter case, Fleming, P. J., of Centre County holds, citing the Appeal of Gable's Executors, 40 Pa. 231, that it is not error to permit a partial distribution of an estate, where the right of one claimant has not been determined, if in the opinion of the orphans' court sufficient remains thereafter to satisfy the claim when established.

At the oral argument before us, counsel for the trustees of the estate of Henry B. Curran stated their willingness that a partial distribution be made provided a sufficient amount were retained to meet possible taxes, costs and other claims. Counsel for the executor under the will of Lillian H. Curran, deceased, opposed partial distribution, and stated there had already been paid to the petitioner her legacy of $50,000. We are also informed that the argument on the appeal taken by the petitioner would be heard by the Supreme Court in a little more than two weeks. The delay in the distribution of the estate is caused by the litigation which the petitioner herself has instituted. The circumstances are not such as justify the alteration or amendment of the award made by the adjudication.

The prayer of the petition is refused, and the petition is dismissed.