## Sprissler's Estate.

Argued April 22, 1942. Before SCHAFFER, C. J.;
MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*J. Willison Smith, Jr.,* for appellant.

*John C. Gilpin,* for appellee, was not heard.

OPINION BY MR. JUSTICE PARKER, June 29, 1942:

Clara W. Sprissler, by her will probated November 30, 1940, after providing for several comparatively small legacies, gave the residue to eleven charitable institutions. October 3, 1941, one Anthony Grieco appealed from the decree of a register of wills for the purpose of having an alleged codicil admitted to probate. On March 2, 1942, the orphans' court sustained the appeal insofar as to enable the register to determine all questions as to execution and validity of the alleged codicil.

Bible Institute of Pennsylvania, one of the residuary legatees, filed a petition praying audit and distribution. The petition alleged that the executors had filed their first account on August 12, 1941, showing a sum of over $600,000 ready for distribution, but that the court had refused to audit the account until the Grieco appeal had been finally determined. Petitioner further represented that Grieco was willing to stipulate that the only amount he could claim under the codicil was $25,000 with interest and that he was willing that distribution should be made as long as sufficient money was retained to protect his interest if the codicil should be finally admitted

to probate. The auditing judge refused the prayer of the petition, the court in banc, two judges dissenting, dismissed the exceptions, and this appeal from the refusal to make partial distribution followed.

While there may be a partial distribution even though the legatees are not all ascertained (*Appeal of Gable's Executors,* 40 Pa. 231, 236), the time of distribution and the conditions that may be imposed in such a case are matters resting in the sound discretion of the orphans' court. Here there is much more involved than a mere question of an undetermined legatee or a disputed account. As was said by the learned auditing judge: "Probate is a matter in rem." Not until it is determined what is in fact the last will and testament of decedent is there a sound foundation for distribution of assets. The orphans' court is in much closer touch with all the details involved than is this court and in a case of this nature it would require clear and convincing evidence that there had been an abuse of discretion to justify us in reversing the action of that court. We find no such abuse.

The order of the court below is affirmed at the cost of appellant.