J-A19006-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF ROSEMARIE STERCHAK, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: THOMAS LAMONT DYNO AND JULIA DYNO | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1194 MDA 2021 |

Appeal from the Order Entered August 9, 2021
In the Court of Common Pleas of Susquehanna County Orphans' Court at
No(s):  OC068-2016

BEFORE:   BOWES, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM PER CURIAM:                    **FILED: NOVEMBER 29, 2022**

Thomas Lamont Dyno and Julia Dyno (collectively "Appellants") appeal *pro se* from the orphans' court's August 9, 2021 order that, *inter alia*, directed the Estate of Rosemarie Sterchak ("the Estate") to distribute eighty percent of the stocks specifically devised to them in the decedent's will.[1]  We affirm.

Decedent died testate on October 30, 2015.  The will divided the estate, valued at $1,562,698.90, among several beneficiaries, who all received specific bequests of corporate stock and/or cash.  As it relates to Appellants, the will provided:

> FIRST: I direct the payment of all of my just debts, funeral and testamentary expenses as soon as convenient after my decease.

---

[*] Former Justice specially assigned to the Superior Court.

[1] The distribution order is appealable pursuant to Pa.R.A.P 342(a)(1), which provides, "[a]n appeal may be taken as of right from [*inter alia*,] [a]n order . . . directing a distribution from an estate or trust[.]".

> SECOND: I give and bequeath the following:
>
> . . . .
>
> My sister-in-law, Julie Dyna - $3,000 cash, 500 shares of Altria Group, Inc. stock, 89 shares of Southern Union Co. stock and 533 shares of Union Pacific stock.
>
> My nephew, Thomas Dyno - $1,000 cash, 400 shares of Exxon stock and 100 shares of Fortune Brand stock.

Last Will and Testament, 4/14/08, at ¶¶ 1,2. The will further provided that "in the case of a specific devises and/or bequests, any inheritance tax due on said specific bequests shall be the responsibility of the residuary account as per Pennsylvania Statute." *Id*. at ¶7.

Albert Dyno, Jr. ("Executor"), was appointed as executor of the estate. He determined that the residual estate lacked sufficient assets to pay inheritance taxes, assigned each beneficiary a share of the estimated deficit, and requested that each beneficiary agree to satisfy that portion of the debt. Most of the beneficiaries agreed and contributed their apportioned shares to bolster the estate's residuary assets. However, Appellants balked at the proposal, challenged the executors' authority over the bequest of specific property, and initiated lawsuits against the executor and the estate. The ensuing litigation in state and federal courts caused the estate to incur additional expenses and effectively stalled the final administration of the estate. This Court ultimately affirmed the Executor's authority to create the reserve, noting "the statute does not require the Executor exhaust the residuary prior to approaching the specific beneficiaries to ask for permission

to dissolve their pro rata share of the anticipated expenses." ***In re Estate of Sterchak***, 188 A.3d 569 *4 (Pa.Super. 2018) (unpublished memorandum), *appeal denied*, ***In re Estate of Sterchak***, 188 A.3d 569 (Pa. 2019). Similarly, in ***Dyno v. Dyno***, 2021 WL 3508252, at *1 (3d Cir. 2021), the United States Court of Appeals upheld the District Court's dismissal, albeit with a modification, of Appellants' related federal complaint against the Executor, wherein Appellants "requested a declaration that they were entitled to immediate possession of the stocks in their bequests[.]"

While the federal litigation was still pending, Appellants sought an order from the orphans' court that directed the distribution of their corporate stocks. The orphans' court granted the entreaty, in part, and directed the distribution of eighty percent of the respective corporate stock. It ordered the Executor to retain the remainder of the property pending the payment of all the estate's expenses and the filing of a final accounting.

Appellants filed a timely appeal and responded to the orphans' court's directive to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) by submitting a nine-page, single-spaced document that the orphans' court accurately characterized as "neither concise nor clear." Rule 1925 Opinion, 9/28/21, at 5. Nevertheless, the orphans' court was able to decipher one potential issue relating to Appellants' contention that the court erred in withholding twenty percent of the stocks in

order to assure that the estate was able to satisfy the projected expenses associated with the administration of the estate.

At the outset, we address whether any of Appellants' issues are preserved for our review. An appellant waives all matters for review where he identifies an excessive number of issues in the concise statement. ***See Jones v. Jones***, 878 A.2d 86 (Pa.Super. 2005) (holding that a seven-page, twenty-nine issue statement resulted in waiver). Similarly, we may also find waiver where a concise statement is too vague. ***See In re A.B.***, 63 A.3d 345, 350 (Pa.Super. 2013) ("When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review.") (citation omitted).

While Rule 1925(b)(4)(iv) provides that the sheer number of issues is not sufficient grounds to find waiver "[w]here non-redundant, non-frivolous issues are set forth in an appropriately concise manner[,]" that concession does not negate the requirement that the Rule 1925 statement facilitates appellate review. ***see also Kanter v. Epstein***, 866 A.2d 394, 401 (Pa.Super. 2004) (holding that "[b]y raising an outrageous number of issues" in a Rule 1925(b) statement, an appellant impedes the trial court's ability to prepare an opinion addressing the issues on appeal, thereby effectively precluding appellate review). Instantly, our review of Appellants' Rule 1925(b) statement confirms the orphans' court's description of it. Accordingly, we conclude that, pursuant to Pa.R.A.P. 1925(b)(4)(vii), Appellants waived all but the single

issue that the orphans' court was able to discern and address in its Rule 1925(a) opinion.[2]

We rephrase the pertinent issue as whether the orphans' court erred in directing the distribution of less than 100% of the specifically devised stock. *See* Appellants' brief at 26-28. In these matters, we review the orphans' court's legal conclusions for "a fundamental error in applying the correct principles of law." *In re Estate of Whitley*, 50 A.3d 203, 206-07 (Pa.Super. 2012). Our review of the orphans' court's exercise of discretion is deferential. *In re Paxson Trust*, 893 A.2d 99, 112 (Pa. Super. 2006). We have explained,

> When the trial court has come to a conclusion through the exercise of its discretion, the party complaining on appeal has a heavy burden. It is not sufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record, discretion is abused. A conclusion or judgment constitutes an abuse of discretion if it is so lacking in support as to be clearly erroneous.

---

[2] Moreover, Appellants' brief is defective insofar as it fails to present a comprehensible legal argument. Instead, consistent with the marginally coherent Rule 1925(b) statement, Appellants' twelve issues attack the actions of both the Executor and the orphans' court. *See* Appellants' brief at 10-11. To the extent that these contentions do not align with the single issue that was preserved in Rule 1925(b) statement, they are waived. *See* Pa.R.A.P. 1925(b)(4)(vii) (issues not included in concise statements are waived).

*Id*. (cleaned up) (internal citations and quotations omitted).

As defined by our High Court, "[a] specific legacy or devise is a gift by will of a specific article or part of the testator's estate, which is identified and distinguished from all other things of the same kind, and which may be satisfied only by the delivery of the particular thing." ***Beatty v. Hottenstein***, 112 A.2d 397, 399 (Pa. 1955).  Relying upon this definition, Appellants frame the instant bequest of stocks as a specific legacy or devise that is separate from the estate and severed from the estate on the death of the testator. Appellants posit that a bequest of specific property is not part of the decedent's estate, and absent proof of a deficiency in the residual estate, it should be distributed immediately.  Hence, discounting the Executor's repeated representations that the residual estate may be insufficient to pay the outstanding debts and expenses associated with the prolonged administration of the estate, Appellants contend that the trial court erred in directing the distribution of only eighty percent of the stock that was specifically devised to them in the will.  Essentially, Appellants contend that the estate is debt-free and, therefore, they are entitled to the immediate distribution of 100% of their stock.

In rejecting Appellants' claim, the orphans' court reasoned,

> [Appellants] appear to argue that the Estate has no "debts" such that they are entitled to immediate distribution of their specific device.  The expenses of administration of an estate, which include the commission of the personal representative as well as attorney's fees, are chargeable to the Estate itself.  Indeed, the costs of administration of the estate actually take priority over

J-A19006-22

all other claims. 20 Pa.C.S. § 3392(1). As noted, this Estate lacked sufficient residual funds to pay for the outstanding liabilities, claims and expenses of the Estate—and the Executor and Estate counsel negotiated with the bulk of the specific devisees for at risk partial distribution which created a reserve sufficient to pay the outstanding obligations of the Estate. The Superior Court has already determined that these actions were appropriate. **See In re Estate of Sterchak**, [**supra** at *4].

It is well-settled that "the time of distribution and the conditions that may be imposed upon any partial distribution or early distribution are matters resting in the sound discretion of the orphans' court." **See In re Sprissler's Estate**, 27 A.2d 51, 51 (Pa. 1942). At this point, the court has not approved any final account or final distribution. 20 Pa.C.S. § 3514. Thus, the distribution of certain stocks to [Appellants], as authorized under the August 6, 2021 order, constitutes a partial or early distribution. The court has discretion to impose appropriate conditions to any such partial distribution to protect the Estate itself. Given that Estate expenses remain outstanding, including the Executor's commission and the Estate counsel fees, the court sought clarification as to what those expenses would encompass as a means to determine whether a partial distribution could be made so as to alleviate the continued delays in some form of distribution occasioned by [Appellants'] repetitive litigation.

In making such an assessment, the court was aware that the legal fees incurred by the Estate have increased as a result of now three appeals to the Superior Court—as well as defense of a civil rights litigation in federal court. Given that no final accounting has been filed, the court has no knowledge as to the amount of fees that will be requested—nor has the court made any determination as to the reasonableness of those fees. **But there is no way to escape the reality that there will be additional expenses incurred by the Estate directly resulting from so much unnecessary litigation. While an initial reserve was created at the inception of the Estate administration, the reserve itself was created before the extraordinary amount of litigation that was largely unpredictable**. It would not be appropriate to make an early distribution of all of the property specifically devised to the [Appellants] where the Estate expenses have not yet been satisfied. Thus, the court awarded a partial distribution to the

[Appellants] but likewise retained certain property pending a final accounting and distribution award.

Rule 1925 Opinion, 9/28/21, at 6-8 (emphasis added) (footnotes omitted) (cleaned up) (some citations omitted).

Insofar as the certified record supports the orphans' court's findings, we discern neither legal error nor an abuse of discretion. Moreover, pursuant to the Probate, Estates and Fiduciaries Code ("PEF Code") § 711(1), (17), and (20), the orphans' court is vested with authority over the "administration and distribution of the real and personal property of decedents' estates;" "adjudication of the title to personal property in the possession of the personal representative;" and "[m]atters relating to inheritance and estate taxes," respectively. 20 Pa.C.S. § 711(1), (17), and (20). Here, the orphans' court determined that the partial distribution of Appellants' specifically devised stocks in the Executor's possession was reasonable considering the unresolved financial liabilities and the Estate's outstanding financial obligations, which included the expenses of defending the various litigation initiated by Appellants. As the PEF Code authorizes the orphans' court to oversee the distribution of personal property in this situation, it was within the court's discretion to permit the Executor to retain twenty percent of the stock as a reserve against any potential obligations pending the final accounting.

For these reasons, the orphans' court did not err in exercising its authority to retain a portion of the stocks to ensure that the residual estate has sufficient funds pending the resolution of Appellants' litigation and the

final accounting. Hence, we affirm the orphans' court order denying Appellants' application to compel the immediate distribution of the entire amount of stock that Decedent specifically bequeathed to them in her will.

Order affirmed.


Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/29/2022