## Minnie S. Potts *v.* James R. Kline, Appellant.

174  513,
174  517,

174  513
f197 618

174      513
202      462

174      513
207      613

174      513
34 SC  218

*Will—Rule in Shelley's Case—Fee simple estate.*

Testator declared that it was his desire that all his children should receive " equal shares with each other " in his estate. He further directed : " To my son F., I give and bequeath the old S. farm. In addition thereto . . . . he shall have a tract of woodland . . . . the K. tract. My son shall be charged $4,500 for the farm, and $200 for the woodland. F. shall pay annually to my beloved wife the sum of $50." He gave to his son C. certain land " reckoned to him " at $5,000 and directed him to pay the widow $50 annually. He further directed : " The real estate bequeathed to my sons F. and C. shall be for their use and support during their natural lives, and at their death shall descend to their children, if any ; if no children, then to descend to the brothers and sisters and their children." Devises to testator's daughters, coupled with similar charges, were of absolute estates. *Held,* that F. took an estate in fee simple in the land devised to him.

Argued March 4, 1896. Appeal, No. 260, Jan. T., 1896, by defendant, from judgment of C. P. Berks Co., Oct. T., 1895, No. 19, for plaintiff on case stated. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Case stated to determine the marketable title to real estate.

The facts appear by the opinion of ENDLICH, J., which was as follows :

The question to be determined upon this case stated is whether the will of Lewis Potts, proved March 12, 1889, gave to his son Francis a fee simple in the land therein devised to him or not.

The will declares it to be the desire of the testator that all his children receive " equal shares with each other " in his estate. The devise to Francis is in the following terms :

" To my son Francis I give and bequeath the old Schrack farm. . . . In addition thereto he . . . . shall have a tract of woodland, . . . . the Koch tract. . . . My son shall be charged $4,500 for the farm and $200 for the woodland. Francis shall pay annually to my beloved wife the sum of $50."

A subsequent clause, relating to the devises to said Francis and another son, Charles (the land given to whom was " reckoned to him " at $4,800, and who was also directed to pay the

widow $50.00 annually), directs that "the real estate bequeathed to my sons Francis and Charles shall be for their use and support during their natural lives and at their death shall descend to their children, if any; if no children, then to descend to the brothers and sisters and their children."

The devise above quoted, standing alone, manifestly gave Francis a fee simple, both by virtue of the act of April 8, 1833, sec. 9, 2 Purd. D. 2103, P. L. 11, and because of the charge made for its value: Fahrney v. Holsinger, 65 Pa. 388. That being so, and it being, of course, conceded that an absolute gift in one part of a will may be cut down to a life estate by a subsequent clause, Shalters v. Ladd, 141 Pa. 349, evidencing a clear intention to do so, Mickley's App., 92 Pa. 514, the question arises, what, in view of the whole will, is the effect of the provision last above quoted? It is the law of this state that any form of words sufficient to show that the remainder is to go by way of descent to those whom the law points out as the general or lineal heirs of the first taker will enlarge the estate for life of the first taker to an estate tail by implication: Potts' App., 30 Pa. 170; Yarnall's App., 70 Pa. 335,—a fee simple under our statute. The direction here is, that, upon Francis' or Charles' death, the lands devised to either shall "descend" to their "children," and "if no children" to the brothers and sisters and their "children." Technically that word is one of purchase and not of limitation: Oyster v. Oyster, 100 Pa. 538. But that it may be construed as a word of limitation where there is anything in the language of the testator clearly inviting such construction cannot be doubtful, since the decision in Guthrie's App., 37 Pa. 9. The testator uses the word three times in the same clause. The third time he manifestly means issue, the whole line of succession; for there is no limitation over indicating anything short of that. Presumably, he used the same word in the same sense throughout the clause. Moreover, he says that upon the death of the first takers the lands devised to them respectively shall "descend" to their children. The word "descend" ordinarily denotes the vesting of an estate by operation of law in the heirs immediately upon the death of the ancestor: Dove v. Torr, 128 Mass. 38, and its use is referred to in Haldeman v. Haldeman, 40 Pa. 29, as indicative of the character in which the remaindermen are to take, viz: by

inheritance from the first taker and not as a new stock,—thus pointing to the first taker as vested with an estate of inheritance and to the construction of the word " children " as a word of limitation. If, however, that word is used in the sense of heirs of the body, or issue, then the phrase, " and if no children," imports an indefinite failure of issue : Armstrong v. Michener, 160 Pa. 21, and the first takers have the entire fee. This interpretation of the provision in question, it may be added, is not only strengthened, but seems to be required by the declared intention of the testator, that all of his children shall take equal shares under his will, read together with the direction designed to serve that purpose, charging the sons, in the distribution, with the value of the fee of the land devised to them. The devises to the daughters, coupled with similar charges, are all of absolute estates, and the scheme of equality requires that those to the sons should be likewise so regarded.

And now, to wit, February 10, 1896, judgment is entered for plaintiff upon the case stated.

*Error assigned* was in entering judgment for plaintiff on case stated.

*H. P. Keiser*, *J. Frederick Hartgen* with him, for appellant. —While it is true that, if the will contains the proper and technical words for creating an estate tail, they must have their effect irrespective of the intent of the testator: Trust Co.'s Appeal, 93 Pa. 209, yet where the intention of testator is free from doubt, it will prevail over a technical rule of construction: Wright's Appeal, 89 Pa. 67 ; Baker's Appeal, 115 Pa. 590.

In the case in hand it seems clear that the intent of the testator is to give only a life estate; and hence, such intent should prevail.

*Stephen M. Meredith*, for appellee, filed no printed brief.

PER CURIAM, March 27, 1896 :

The judgment in this case is affirmed on the opinion of the learned court below.