# Campbell's Estate.

|202         459
|e37SC 2519

202   459
e227  2289

*Will— Construction—Presumptions—Intent of testator.*

All mere technical rules of construction must give way to the plainly expressed intention of a testator.   It is a rule of common sense as well as law not to attempt to construe that which needs no construction.

*Will—Devise—Children—Grandchildren.*

While the word " children " does not ordinarily include grandchildren, yet where the plain intent of a will shows that the testator used the word " children " in the sense of issue, and his manifest purpose was to send his estate down in the line of his blood, the word " children " will be held to include grandchildren.

*Will—Devise—Children.*

Testator devised in trust for his daughters for life " and from and after the decease of my said daughters respectively then the principal of the share of my said daughter so dying shall go to and be equally divided amongst her children absolutely and forever. Provided however that in case of the decease of either or any of my said daughters without leaving any children surviving at the time of her decease, then her share so dying to go to and be equally divided amongst her surviving brothers and sisters and the children of such of them as may then be dead per stirpes." One of the daughters died leaving no child surviving at the time of her decease, but three grandchildren, children of an only child who had died before her. *Held,* that the share of the deceased daughter should be awarded to the guardian of the children of her deceased son, testator's great-grandchildren.

Argued Jan. 9, 1902. Appeal, No. 193, Jan. T., 1901, by Sanford P. Campbell et al., from decree of O. C. Phila. Co., Oct. T., 1881, No. 505, dismissing exceptions to adjudication, in estate of John H. Campbell, deceased. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Exceptions to adjudication.

The testator left a portion of his estate in trust for the separate use of his daughter for life. " And from and after the decease of my said daughters, respectively, then the principal of the share of my said daughter so dying shall go to and be equally divided among her children absolutely and forever : Provided, however, that in case of the decease of either or any of my said daughters without leaving any children surviving at the time of her decease, then her share so dying to go to and be equally divided amongst her surviving brothers and sisters and the children of such of them as may then be dead, per stirpes."

Mrs. Cochran, one of the daughters, had one son, born in the lifetime of her father, the testator, prior to the execution of the will. She never had other children. This son, William A. Cochran, died February 25, 1895, leaving three children, Thomas, Joseph and Katharine, and a widow, Esther H. Cochran, whom he appointed his executrix.

Mrs. Cochran, the testator's daughter, died April 1, 1900, leaving grandchildren as above, but no child; and the only question presented for the consideration of the auditing judge is as to (what the will styles) " her share " of the estate.

The auditing judge awarded the share of Mrs. Cochran to the executrix of her son, William A. Cochran.

Exceptions to the adjudication were dismissed by the court.

*Errors assigned* were in dismissing exceptions to adjudication.

*Alex. Simpson, Jr.*, with him *Ira J. Williams, Malcolm G. Campbell* and *Francis Shunk Brown*, for appellant.—It is admitted that "children" means only "children" and not "grandchildren:" Hallowell v. Phipps, 2 Wharton, 376; Castner's Appeal, 88 Pa. 478; Hunt's Estate, 133 Pa. 260; Steinmetz's Estate, 194 Pa. 611.

There is really no question of disherison. Here the greatgrandchildren do not take at all, and if they took it would not be under this will. Here the widow happens to take, but it is not as widow but as personal representative, and the result would be precisely the same if William A. Cochran had left neither widow nor children, and in fact no one except creditors. The necessary result of saying that every person ever born into this class, and thus possible members thereof, have a vested interest which is not divested by their predeceasing the life tenant is that if five children were born, some not attaining majority and others dying leaving debts instead of children, the personal representative of each of these children would take to the exclusion of testator's sons and daughters. Woelpper's Appeal, 126 Pa. 570, is strikingly like the case at bar. See also Reilly's Estate, 200 Pa. 304.

*Joseph W. Hunsicker*, with him *Charles Hunsicker* and *George T. Hunsicker*, for appellee.—The interest of the brothers and sisters was not contingent upon their surviving the life tenant, but it vested at the death of the testatrix: Carstensen's Estate, 196 Pa. 325; Mickley's Appeal, 92 Pa. 514; McCormick v. McElligott, 127 Pa. 230; Biddle's Estate, 28 Pa. 59; King v. Frick, 135 Pa. 575; Beilstein v. Beilstein, 194 Pa. 152; Blair v. Miller, 30 W. N. C. 486; Allen v. Markle, 36 Pa. 117; Haldeman v. Haldeman, 40 Pa. 29; Seybert v. Hibbert, 5 Pa. Superior Ct. 537.

OPINION BY MR. JUSTICE MITCHELL, May 19, 1902:

Testator devised in trust for his daughters for life " And

from and after the decease of my said daughters respectively then the principal of the share of my said daughter so dying shall go to and be equally divided amongst her children absolutely and forever, provided however that in case of the decease of either or any of my said daughters without leaving any children surviving at the time of her decease then her share so dying to go to and be equally divided amongst her surviving brothers and sisters and the children of such of them as may then be dead per stirpes."

One of the daughters, Mrs. Cochran, died leaving no child surviving at the time of her decease, but three grandchildren, children of an only child, William A. Cochran, who had died before her. The court below awarded her share to the executrix of her son Wm. A. Cochran, but appellants claim it as surviving brothers and sisters and children of such survivors.

When Mrs. Cochran died she left no children surviving, within the literal words of the will, and it may be conceded that the word " children " does not ordinarily include grandchildren, but it is equally clear that her grandchildren are within the terms of the gift by their great-grandfather, the testator. The manifest general intent of his will was to send the shares of each of his daughters respectively down in the line of her and his blood per stirpes. If he had said " decease without leaving any issue surviving," it would have been beyond question and the plain intent of this whole provision in his will shows that he used the word " children " in the sense of issue, a sense which as remarked by the learned auditing judge, is sanctioned by the lexicographers and by the decisions in Haldeman v. Haldeman, 40 Pa. 29, and Potts v. Cline, 174 Pa. 513.

Appellants refer to Woelpper's Appeal, 126 Pa. 562, as " strikingly like the case at bar " and so it is. The devise there was to daughters for life and upon their death respectively to the " surviving brothers and sisters . . . . provided that if my said daughters or any of them should die leaving lawful issue " then to the issue. It was held that the word " surviving " referred to the death of the life tenants and not of the testator. The remainders therefore whether to brothers and sisters or to issue were contingent on surviving the daughters and were to be determined by the conditions existing at their death. The same rule is to be applied here. The only difference in

the language of the two wills is in the use of the word "issue" there and "children" here, and as already said it is clear that the testator here used the word "children" in the sense of issue. As was said in that case the actual intent of the testator being clear there is no room for presumptions, and quoting from the opinion of SHARSWOOD, J., in Reck's Appeal, 78 Pa. 435, "All mere technical rules of construction must give way to the plainly expressed intention of a testator. . . . It is a rule of common sense as well as law not to attempt to construe that which needs no construction." When Mrs. Cochran died she left no surviving children but she did leave issue, the children of a deceased child. The contingency therefore upon which her surviving brothers and sisters were to become entitled never occurred, and her estate passed to her issue directly under their great-grandfather's will. The court below should have awarded her share to the appellee not as executrix of William A. Cochran, but as guardian of his children. But that is an error of which appellants have no standing to complain.

Appeal dismissed with costs.