AMY M. BROOKHOUSE v. FRANCES J. PRAY and Others.[1]

July 1, 1904.

Nos. 13,897—(148).

**Will Construed.**

Certain provisions in a last will and testament construed. They read as follows:

"Twentieth, pay to Daniel Brookhouse, son of my sister Mary, the sum of five thousand dollars. I do not know the place of residence of said Daniel Brookhouse, or even that he is now living. Now this bequest is made on condition that he, said Daniel Brookhouse shall appear and claim this bequest before the final distribution of my estate according to the terms hereof, and in no event later than ten years from the date hereof. * * *

"Should any of the devisees hereinbefore named to whom said trustees and executors are directed to pay any part of my estate, die before payment is made to them, without leaving children or grandchildren, then and in every case, such bequest and devise shall wholly fail and the share of my estate so directed to be paid shall be paid to my wife, Frances J. Pray."

It appears that D. B. did not survive the testator. *Held:*

(a) That the clauses quoted, read in the light of section 4449, G. S. 1894, vested in his children a contingent interest in such legacy, and that they took under the statute as purchasers.

(b) The testator intended to provide for his wife and blood relatives to the exclusion of others.

(c) The children of D. B. having died without issue before payment was made, said legacy vested in testator's wife.

**Intent of Testator.**

Prior decisions followed holding that the intent of the testator will be determined from an examination of the instrument itself, if possible, without consulting special canons of interpretation, provided it be consistent with rules of law.

**Legacy.**

In the absence of other provisions in a will expressing a contrary intent, a legacy payable at a specified time in the future is not contingent, and vests immediately.

[1] Reported in 100 N. W. 235.

Appeal by plaintiff from a judgment of the district court for Hennepin county, entered pursuant to the findings and order of Willard R. Cray, J. Affirmed.

*Fifield, Fletcher, Larimore & Fifield* and *Edgar A. Brown,* for appellant.

The statute against lapses (G. S. 1894, § 4449) passed the legacy to the children of Daniel Brookhouse on the death of Samuel F. Pray, notwithstanding the fact that the legatee named, their father, died before the testator, and notwithstanding that the testator thought he might be dead and so stated in the bequest. Nutter v. Vickery, 64 Me. 490, 498; Murphy v. McKeon, 53 N. J. Eq. 406, 409; Paine v. Prentiss, 5 Metc. (Mass.) 399; Jamison v. Hay, 46 Mo. 547; Moses v. Allen, 81 Me. 268; Bray v. Pullen, 84 Me. 185; Wildberger v. Cheek, 94 Va. 517; Chenault v. Chenault (Ky.) 9 S. W. 775; Minter's Appeal, 40 Pa. St. 111; 18 Am. & Eng. Enc. (2d Ed.) 758.

The children took a vested interest in the legacy—one of which they could be deprived only by the happening of one certain event, viz., the death of their father without leaving children or grandchildren. 29 Am. & Eng. Enc. (1st Ed.) 441, and notes, 446; Eldridge v. Eldridge, 9 Cush. (Mass.) 516, 518; Appeal of Reed, 118 Pa. St. 215; Weatherhead v. Stoddard, 58 Vt. 629; Hutchin's Estate, 9 Phila. 300; Buck v. Paine, 75 Me. 583; Ellicott v. Ellicott, 90 Md. 321; Burnham v. Burnham, 79 Wis. 557; Finlay v. King, 3 Pet. 346.

The legacy on the death of the children vested in their mother, the plaintiff, absolutely, as their only heir, the condition subsequent attached to the bequest, viz., the death of Daniel Brookhouse leaving children, having occurred prior to the date of the will, and, of course, being impossible thereafter; and the gift over to Frances J. Pray never took effect for the reason that the condition precedent thereto—the death of Daniel Brookhouse leaving children—occurred. 1 Jarman, Wills (6th Ed.) 827, et seq.; 6 Am. & Eng. Enc. (2d Ed.) 506, and cases cited; Hoss v. Hoss, 140 Ind. 551; Bryant v. Dungan, 92 Ky. 627; McManany v. Sheridan, 81 Wis. 538; Howe v. Hodge, 152 Ill. 252.

*Porter J. Neff* and *Alvord C. Egelston,* for respondents.

92 M.—29

DOUGLAS, J.

Action by plaintiff against the trustees of the last will and testament of Samuel F. Pray, deceased, and Frances J. Pray to construe the provisions of said will, and for other equitable relief. From the judgment of the court that plaintiff is not the owner of or entitled to receive a legacy devised to one Daniel Brookhouse by said will, and that Frances J. Pray is entitled to receive the same, plaintiff appeals.

Samuel F. Pray executed his last will and testament and also died during the month of August, 1896. A large number of bequests were made, and the will contained a general clause bequeathing to his wife, Frances J. Pray, who was one of the special legatees, the residue of his estate. The material portions of the will are as follows:

> I further direct that *after five years from this date and within ten years from this date* and at such time and times within said period as may to said trustees seem to the interest of my estate, said trustees and executors  sell and convey all my real estate and convert the same and all my personal estate into money, * * * and pay out and distribute the same as follows, viz. * * *

> Twentieth, pay to Daniel Brookhouse, son of my sister Mary, the sum of five thousand dollars. I do not know the place of residence of said Daniel Brookhouse, or even that he is now living. Now this bequest is made on condition that he, said Daniel Brookhouse shall appear and claim this bequest before the final distribution of my estate according to the terms hereof, and in no event later than ten years from the date hereof. * * *

> Should any of the devisees hereinbefore named to whom said trustees and executors are directed to pay any part of my estate, die *before payment is made to them* without leaving children or grandchildren, then and in every case, such bequest and devise shall wholly fail and the share of my estate so directed to be paid shall be paid to my wife, Frances J. Pray.

Daniel Brookhouse died intestate three years before the will was drawn, and left surviving the plaintiff, his wife, and two children.

Both children died intestate in 1899, during their minority, without issue, and their mother, as their heir, claims the legacy specifically be-

queathed to Daniel Brookhouse. Plaintiff's rights depend upon the construction to be given the clauses of the will above quoted.

Section 4449, G. S. 1894, reads:

> When a devise or legacy is made to any child or other relation of the testator, and the devisee or legatee dies before the testator, leaving issue who survives the testator, such issue shall take the estate so given by the will in the same manner as the devisee or legatee would have done if he had survived the testator, unless a different disposition is made or directed by the will.

If the clause including legacy No. 20, construed in the light of this section of the statutes, vested the same unconditionally in the children of Daniel Brookhouse upon the death of the testator, plaintiff, as their heir, is entitled to recover; or if the language used by the testator in this bequest is construed as simply a gift to Daniel Brookhouse provided he personally appears to claim the same within the period limited, or is interpreted, either with or without the aid of the statute, as vesting said legacy in his lineal descendants only upon condition that they live personally to receive the same, appellant must fail.

We have seen that Daniel Brookhouse died prior to the execution of the will, and, although his children lived until after the death of his testator, they both died without issue prior to the date fixed for the distribution of his estate, and without receiving any part of such legacy. The cardinal rule repeatedly adopted by this court is that the instrument will be taken by its four corners, and the intent of the testator determined therefrom, if possible, provided that it be consistent with rules of law. In re Swenson's Estate, 55 Minn. 300, 56 N. W. 1115; Yates v. Shern, 84 Minn. 161, 86 N. W. 1004; Schouler, Wills, § 463. As such instruments always vary, subtle rules of construction, so often resorted to, obstruct, rather than assist, in determining the intention of the testator. Justice MITCHELL, speaking for this court, once said that special rules of interpretation are to be resorted to only in cases of doubtful construction, and then are to be deemed the servant, and not the master, of the court. A majority of the court are of the opinion that the expression of the testator contained in the twentieth bequest must be construed as imposing a condition subsequent, and

that a contingent interest in such legacy vested in the children of Daniel Brookhouse. Personally, I do not entertain the opinion of the majority in the construction of this clause. I cannot read it except as the declaration of the testator that the bequest was intended to become operative only in case his nephew personally appeared within the designated period to claim the same. Other bequests were unconditional, but for some reason the testator segregated this, and in apt language provided that the gift depend upon a condition which he had reason to believe would be fulfilled.

Assuming that any interest vested in his children, we are all agreed they took by virtue of the statute, and as purchasers, not as heirs of their father. Underhill, Wills, § 337; Baker v. Carpenter, 69 Ohio, 15, 68 N. E. 577. In the latter case the supreme court had under consideration a statute practically identical with ours, and in applying it to like conditions said: "The statute now under review, as we have seen, was designed to relieve from a hardship, and should, therefore, be so read and interpreted as to cure the mischief it was intended to remedy. * * '* They are mere 'statute made' legatees, who by force of the provisions of section 5971 [R. S. Ohio 1892] take the place of their father and are given what, but for his death, would have gone to him as primary legatee under said will, and as such substituted legatees * * * in the language of the statute itself, they 'must take in the same manner as he would have done had he survived the testator.'" Under the circumstances of this case, such interest was contingent upon their living until distribution of the estate. Upon the assumption stated, we are also of the opinion that from the context of the will it is evident the testator intended to provide for his wife and blood relatives, to the exclusion of others. The testator's language: "Should any of the devisees * * * *die before payment is made to them, without leaving children or grandchildren,* then and in every case such bequest and devise shall wholly fail," is clear and unambiguous.

Applying the statute as we interpret it, the testator must be deemed in law to have designated the children of Daniel Brookhouse by name. They died without issue, not only before payment was made to them, but before the expiration of the period during which said trustees were authorized to distribute the estate. We place no stress upon the fact that the time for distribution had not been reached. This alone does

not prevent the immediate vesting of the estate, as a legacy to be paid at a specified time in the future is not contingent, and vests immediately, in the absence of other conditions expressing a contra intent. Fox v. Hicks, 81 Minn, 197, 83 N. W. 538; Appeal of Reed, 118 Pa. St. 215, 11 Atl. 787; Green v. Green, 86 N. C. 546; Scofield v. Olcott, 120 Ill. 362, 11 N. E. 351; Bartholomew's Estate, 155 Pa. St. 314, 26 Atl. 550; Gardiner v. Slater, 25 Beav. 509; 29 Am. & Eng. Enc. (1st Ed.) 463. However, the testator, in the clause under consideration, clearly expressed a contra intent by attaching the conditions set forth in the language italicized.

As the children of Daniel Brookhouse died without issue before payment was made, it follows that said legacy did not vest unconditionally in them, and the same passes, under the terms of the will, to the wife of the testator. The authorities last cited fully illustrate the principle here applied.

Therefore the judgment of the trial court is affirmed.