# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA

## Walker's Estate.

*Wills—Construction—"Children" used as meaning "issue."*

Testator devised a farm to his son "under and subject to the payment of the interest of the principal sum of six thousand dollars, which interest is the sum of three hundred and sixty dollars, to Rebecca J. Massey, annually, during her natural life, and at her decease to pay the principal sum to the child or children of my said daughter, Rebecca, in equal shares, and in case my said daughter, Rebecca, should die without living issue, then on that event I order and direct the six thousand dollars shall be paid by said son, Matthias P. Walker, into the hands of my executors hereinafter named, and be divided amongst all my children, their heirs and assigns in equal even shares." Upon a contest between a grandchild of decedent's daughter Rebecca, who had died without leaving other issue, and the children and heirs of Matthias P. Walker, deceased, in whom the farm had vested, it was held by the lower court that the grandchild was entitled to the principal sum out of the land; that the words "child" or "children" of Rebecca should not receive a literal interpretation, but should be construed to mean "issue," particularly as by other portions of the will the testator had given a like sum to each of his other children, and in view of the subsequent language of the will providing for a gift over only if the daughter Rebecca "should die without living issue"; and that the words "die without living issue" did not in this case differ in signification from "die without leaving any issue surviving." On appeal held no error.

Argued February 10, 1913.  Appeal, No. 103, Jan. T., 1912, by Matthias P. Walker, Jr., John O. S. Walker, Nathan R. Walker, Winfield W. Walker, Athalia L. T. W. Kendall and Anna B. McFarland, from decree of O. C. Chester Co., made January 29, 1912, in Estate of William Walker, deceased.  Before Fell, C. J., Brown, Elkin, Stewart and Moschzisker, JJ.  Affirmed.

Petition for citation directed to the heirs of Matthias P. Walker, deceased, to show cause why land descending to them should not be sold for the payment of a legacy. Butler, J., filed the following opinion:

William Walker died in March, 1873, seized among other property, of a farm containing about one hundred and thirty-one acres, and by his will devised the same to his son, Matthias P. Walker, at a valuation of $18,000, subject to the following provision: "I give, devise and bequeath the said farm and two wood lots to my son, Matthias P. Walker, under and subject to the payment of the interest of the principal sum of six thousand dollars, which interest is the sum of three hundred and sixty dollars, to Rebecca J. Massey, annually, during her natural life, and at her decease to pay the principal sum to the child or children of my said daughter, Rebecca, in equal shares, and in case my said daughter, Rebecca, should die without living issue, then in that event I order and direct the six thousand dollars shall be paid by said son, Matthias P. Walker, into the hands of my executors hereinafter named, and be divided amongst all my children, their heirs and assigns in equal even shares." Matthias P. Walker accepted this devise and paid the interest on the principal sum of $6,000 to Rebecca J. Massey, during her natural life, or to speak accurately, during his life, for he predeceased her.  She died on August 24, 1911, leaving no child, but being survived by a granddaughter, Rebecca Massey Griffith. Matthias P. Walker died September 8, 1910, seized of the farm mentioned, leaving as his heirs the respond-

ents, to whom it has descended. Rebecca Massey Grif-
fith, the petitioner, urges that she is entitled to the
$6,000, with interest from August 24, 1911, and in this
proceeding seeks an order for the sale of the farm to the
end that she may secure this money. The respondents
contend that as she is not a child but a grandchild of
Rebecca J. Massey, her claim is invalid. We are of
the opinion that the words child or children should in
this case not receive a literal interpretation, for we
consider it to be manifest upon a general examination
of the will that the words were employed in a broader
sense, that the testator did not intend that his other
children should have any part of the $6,000, given to
his daughter, Rebecca, for life if she left a lineal descend-
ant. To each of his other daughters, he had given $6,000
absolutely, and we think it is clear that he intended the
like sum to remain in Rebecca's line, if possible. If in
placing the $6,000 in trust during Rebecca's life, his
primary design had been to protect it for his other
children he would have sent it unconditionally to them
at her death. Instead of doing this, he provided that
it should pass to her child or children, and surely he did
not use the word child in a literal sense, did not mean
that if Rebecca left no child, but did leave a grandchild,
the $6,000 should be lost to Rebecca's line, and go to
testator's other children. The intent here to send the
share down the daughter's line is as manifest as was the
testator's purpose in Campbell's Est., 202 Pa. 459, and
equally justifies extending the word child so as to in-
clude a grandchild. In the case just named, the testator
not only used the word children in the first instance, but
repeated it in making the provision over, saying: "Pro-
vided, however, that in case of the decease of either or
any of my said daughters without leaving any children
surviving at the time of her decease, then her share."
The court says: "The manifest general intent of his will
was to send the shares of each of his daughters, respec-
tively, down in the line of her and his blood per stirpes—

if he had said 'decease without leaving any issue surviving,' it would have been beyond question." In our case, the testator does practically use this language, giving the $6,000 to his other children only in the event that "my said daughter, Rebecca, should die without living issue." After careful consideration of the earnest argument of counsel for the respondent to the contrary, we are unable to conclude that the words "die without living issue" differ at all in signification from "die without leaving any issue surviving."

We find that the petitioner is entitled to have out of the land vested in the respondents the sum of $6,000 with interest, as here claimed by her.

Counsel will prepare a decree in accordance with this opinion.

The court made a decree requiring the legacy to be paid out of the land. The heirs appealed.

*Error assigned* was decree of the court.

*Claude L. Roth* and *A. M. Holding,* with them *Wm. C. Wilson,* for appellants, cited: Goodright, lessee of Docking v. Dunham, 1 S. Douglas' Reports 264; Curtis v. Longstreth, 44 Pa. 297; Stoner v. Wunderlich, 198 Pa. 158; Eachus's App., 91 Pa. 105; Nice's Est., 227 Pa. 75; Woelpper's App., 126 Pa. 562; Reilly's Est., 200 Pa. 288; Dunwoodie v. Reed, 3 S. & R. 435; Melsheimer v. Gross, 58 Pa. 412; Buzby's App., 61 Pa. 111; Walker v. Milligan, 45 Pa. 178; Craige's App., 126 Pa. 223; Duckett's Est., 214 Pa. 362; Wood v. Schoen, 216 Pa. 425; Harrison's Est., 202 Pa. 331; Hunt's Est., 133 Pa. 260; Steinmetz's Est., 194 Pa. 611; Page's Est., 227 Pa. 288.

*Robert S. Gawthrop,* with him *J. Frank E. Hause,* for appellee, cited: Hunt's Est., 133 Pa. 260; Hallowell v. Phipps, 2 Wharton 376; Haldeman v. Haldeman, 40 Pa. 29.

PER CURIAM, March 17, 1913:

The decree is affirmed on the opinion of Judge BUT-LER.