FARMERS' TRUST COMPANY OF MOUNT HOLLY, NEW JERSEY, trustee,

*v.*

MARY B. BORDEN et al.

[Argued February 3d, 1914.    Decided February 6th, 1914.]

1. A will directed that the income of one-half of the testator's estate be paid to a daughter for life, and that upon her death the principal should be divided "among the children of my said daughter in equal shares or parts, and in case my said daughter should die without leaving lawful issue, * * * my executors are hereby directed to divide said sum * * * equally among all my brothers and sisters, * * * the child or children of any deceased brother or sister to take their parent's share."—*Held*, that it was testator's intent that, if there was a failure in the direct line of descent his estate should go to the collateral line *per stirpes*.

2. The interest bequeathed to testator's brothers and sisters and the children of deceased brothers and sisters vested immediately, subject to being divested if there were direct descendants living at the life tenant's death.

3. The gift over to "the child or children of any deceased brother," &c., would include a granddaughter of a brother, in view of the fact that, when the will was executed, the granddaughter's father and grandfather were, to testator's knowledge, both dead.

4. In a suit to construe a will which gave a sum to testator's daughter for life, and upon her death to be divided among her children, but, if she died without issue, then to be divided equally among testator's brothers and sisters and the child or children of any deceased brother or sister, in order to bar the widow of the deceased son of testator's daughter, who died childless before the daughter, his personal representative should have been made a defendant, as should the personal representatives of certain children of testator's brothers and sisters.

On bill for construction of a will.

*Mr. V. Claude Palmer,* for the complainant.

*Messrs. William A. Slaughter* and *William H. Heisler, Jr.,* for the defendants.

BACKES, V. C.

Joseph B. Pew died June 7th, 1885, leaving a last will and testament, dated March 29th, 1880, in which he directed his executors to fund his estate and to pay the net income of one-half to his daughter for life and upon her death the principal

"to and among the children of my said daughter, Theodosia Borden, in equal shares or parts, and in case my said daughter, Theodosia Borden, should die without leaving lawful issue, then my will is, and my executors are hereby directed to divide the said sum, so as aforesaid invested for my daughter's benefit, together with the interest due thereon, equally among all my brothers and sisters, the child or children of any deceased brother or sister to take their parents share."

The daughter is dead. She had one son, who predeceased her, childless, leaving a widow, Mary B. Borden.

The testator had eight brothers and sisters: James, William, Charles, Samuel and Asher; Emeline Stevenson, Mary A. Longstreet and Margaret Kirby.

James was dead at the time the will was made. He left a son, William, who was also then dead. The latter is survived by a daughter, Johanna, and a widow, now Margaret Gaskill.

William died after the testator, being survived by three children: Joseph, Joshua and Lydia Clevenger.

Charles died before the making of the will, leaving three children: Walter, Sarah Willis and Edward. Sarah died after the testator, leaving one son, Charles. Edward died before the making of the will, leaving a son, J. Howard, and a daughter, Lena. Lena died after the testator, leaving a husband, Thomas Tallecksen, and four minor children: Thomas, Richard, Ella and Grace.

Samuel died after the testator, leaving seven children: Josiah Jr., Charles, Bloomfield, Oscar, William, Clara and Ella Steven-

son.   Josiah died after the testator, leaving a widow, Emma. William H. Heisler, Jr., is his administrator.

Asher died after the testator, leaving a widow, Mary, and a daughter, Emma.

Emeline died after the testator, leaving two children: Lydia and Elizabeth Allenson.   Elizabeth died, leaving a husband, Thomas B., and son, Aaron H.

Mary A. Longstreet died after the testator, leaving three children: Asher, Sarah Dudley, and W. Howard.   Asher died after the testator, leaving a widow (name not stated) and a daughter, Laura E. Wright.   Sarah Dudley died after the testator, leaving one son, George W. Dudley.

The substituted trustee is ready to distribute the estate, and to that end asks the aid and protection of the decree of this court.

1. The widow of the testator's grandson laid claim to the fund, although she did not answer nor appear at the hearing to press her demand, and for obvious reasons.   Theodosia, the testator's daughter, having died without leaving lawful issue, the bequest to her children failed and the bequest to the brothers and sisters and to the children of the deceased brothers and sisters, living at the death of the testator, became effective.

2. The testator's intention, as expressed by him in his will, is not at all obscure.   In the event of a failure of a direct line of descendants, he meant that his estate should go in the collateral line *per stirpes*.   The bequest to the brothers and sisters and to the children of then-deceased brothers and sisters of the testator, living at the time of his death, was a substantive original gift, which became immediately vested, subject to being divested in case of a direct line of descent living at the death of the life right holder.   *Green* v. *Howell, 30 N. J. Law 326; 31 N. J. Law 570; Post* v. *Herbert's Executors, 27 N. J. Eq. 540; Neilson* v. *Bishop, 45 N. J. Eq. 473; Adams* v. *Woolman, 50 N. J. Eq. 516; Miller* v. *Worrall, 59 N. J. Eq. 134; Van Houten* v. *Hall, 71 N. J. Eq. 626; 73 N. J. Eq. 384; Security Trust Co.* v. *Lovett, 78 N. J. Eq. 445; Brown* v. *Fidelity Trust Co., 82 N. J. Eq. 323.*

3. Johanna Pew, the granddaughter of James, the brother

of the testator, took a vested interest. At the time the will was executed, her father and grandfather were both dead, which fact was well known to the testator. Although the will substitutes children only, the conclusion is irresistible from these circumstances, that the testator intended to embrace within the terms of "child" or "children" this grandchild. *Dunn* v. *Cory, 56 N. J. Eq. 507.*

4. The same rule of construction must be applied to the inheritance of J. Howard Pew and Lena Tallecksen (*née* Pew) grandchildren of Charles Pew, brother of the deceased. The latter's three children would have been the takers had they survived. Edward, the father of the two with whose inheritance we are now dealing, was dead when the gift was made and there appears to be no ground for supposing that the testator did not intend that they should participate in his bounty.

5. The administrator of Josiah B. Pew, Jr., claims a distributive share. His intestate was a son of Samuel Pew, who survived the testator. In this instance, Samuel, the brother of the deceased, was the taker and legatee. His share belongs to his personal representative.

In accordance with these views, a decree will be advised, at the proper time, directing that the fund be divided into eight parts, and each paid to the following: (1) Johanna Pew; (2) William's personal representative; (3) equal shares to Walter Pew; Sarah R. Willis' personal representative; and to J. Howard Pew and the personal representative of Lena Tallecksen, each a half portion of the share; (4) Samuel's personal representative; (5) Asher's personal representative; (6) Emeline Stevenson's personal representative; (7) Mary A. Longstreet's personal representative; (8) Margaret Kirby.

This case is not ripe for a decree. The interest of Mary B. Borden, the widow of Frank P. Borden, in this estate, is only as a distributee under the statute. *Comp. Stat. p. 3875.* If it was intended to bar her, the personal representative of her deceased husband ought to be made a party defendant. This also applies to the shares which belong to the personal representatives of William, Sarah R. Willis, Lena Tallecksen, Samuel, Asher, Emeline Stevenson, Mary A. Longstreet.