James F. Bond, by his will, after giving his sister and granddaughter annuities, gave the residue of his estate to his executors in trust, the income to go to his wife for life, and at her death annuities to his two grandchildren for life, and upon the death of each grandchild one-half the principal to his or her lawful heirs, and upon the death of either, without lawful issue, the income to the survivor and principal to his lawful heirs and —
"In case both of my said grandchildren shall die without leaving lawful issue then upon the death of my said wife I direct my said executors and the survivor of them, to pay out of my said estate, to the church now known as the Second Reform Church of Newark, the sum of five thousand dollars. * * * And the residue of my estate I direct my said executors to dispose of as follows, viz.: To pay to the children of my sister Keturah Shay that may be living at the time of said distribution, the sum of five hundred dollars each, and the remainder to pay over in equal shares to the children of my deceased brothers Alvah and Samuel W., and my brothers Isaac and Abner, and of my sister Lydia Canfield, so that each of my said nephews and nieces shall receive an equal amount, and I give and bequeath my estate accordingly."
The executors were empowered to sell the real estate with directions to invest the proceeds "and the income thereof applied and the amount of the proceeds ultimately divided as hereinbefore and hereby directed." *Page 496 
The real estate was sold by the executors. All the annuitants are deceased. The two grandchildren died without issue. Eighteen nephews and nieces, beneficiaries of the residuary estate, survived the testator; four survived the last grandchild.
The gift vested in the nephews and nieces at the death of the testator. This point is ruled and controlled by Farmers' TrustCo. v. Borden, 83 N.J. Eq. 222; Trenton Trust and Safe DepositCo. v. Robinson, Ibid. 226, is not at variance. There the gift was to beneficiaries surviving the life tenant. Here it is to children of the testator's brothers and sister living at the time the will went into effect. The gift in the will before us, to the children of testator's sister Keturah Shay that may be living at the time of distribution, furnishes an illustration of the distinction. The enjoyment of the gift of the principal was postponed pending the use of the income by the life tenants. A gift is vested though the enjoyment be postponed until after the death of the life tenant. Keen v. Plume, 82 N.J. Eq. 526. The primary gift of the principal to the heirs of the testator's grandchildren having failed for want of issue, it is to be treated as though it were never made, and the gift to the nephews and nieces as immediate.
The heirs-at-law and devisees of some of the deceased nephews and nieces claim a share in the proceeds of the sale of the testator's real estate, contending that the sale by the executors did not convert it into personalty.
The executors had only a discretionary power to sell. The will does not disclose an intention that the real estate should be sold at all events as in Keen v. Plume, supra. The direction to pay over in equal shares so that each nephew and niece shall receive an equal amount does not necessarily imply that the shares were to be paid in cash, and to that end, that the testator meant that his real estate should be sold before distribution. Indeed, in another part of the will the testator manifests a contrary intention. There, upon the death of one of his grandchildren, leaving issue, he directs an equal share to be transferred, conveyed and delivered to the issue. All that can be spelled out of the power to sell is an intention *Page 497 
that if and when sold the beneficiary should take the proceeds as personal property, and under the doctrine of equitable conversion it is only when there is a positive direction to sell, or the implication to do so is imperative, that a conversion is regarded as taking place at the death of the testator. Where it is discretionary it takes place at the time the power is exercised.Wurts v. Page, 19 N.J. Eq. 365; Cook v. Cook, 20 N.J. Eq. 375.
So much of the real estate unsold by the executors at the death of any one of the beneficiaries retained its character as such and devolves upon the heirs-at-law. Romaine v.Hendrickson, 24 N.J. Eq. 231; Meeker v. Forbes, 84 N.J. Eq. 271; affirmed, 86 N.J. Eq. 255.
The estate will be divided into eighteen shares and a share paid to each of the living nephews and nieces and to the personal representatives of each deceased nephew and niece, except as to so much of each share derived from the sale of the real estate sold after the death of any of them, which shall go to his or her heirs-at-law or devisees, subject to the dower rights of the widows, if any. No right of curtesy exists, as the executors and not the beneficiaries were seized of the fee.