The Estate of Andrew Berg, Deceased.

Argued March 15, 1929.

Before TREXLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*H. Clay Burkholder,* and with him *Amos E. Burkholder,* for appellant.—The remainder in the trust fund was vested in the lifetime of the beneficiary: McCauley's Est., 257 Pa. 377; Rosengarten v. Ashton, 228 Pa. 389; Moore v. Smith, 9 Watts 403; Marshall's Est., 262 Pa. 145; Kountz's Appeal, No. 1, 213 Pa. 390.

*Harris C. Arnold,* and with him *John A. Coyle* and *Richard E. Cochran,* for appellee.—A direction to distribute the body of a trust fund at the death of the beneficiary "among my remaining children" means among those living at the termination of the trust: Rau's Estate, 254 Pa. 464.

OPINION BY CUNNINGHAM, J., April 10, 1929:

Elmer A. Berg, the appellant, is a grandson of Reverend Andrew Berg, the decedent, and by this appeal complains of the action of the court below in holding that he is not entitled to participate in the distribution of the corpus of a certain trust fund created by his grandfather's will. The testator died February 6, 1884, and was survived by his widow, Eliza Ann Berg, and six children—Justine E., intermarried with Eli McDonnell, Elsie E. (subsequently intermarried with A. H. Lafean), J. Harry, M. Luther, Isaac E., and Mary (Mamie) E. Berg.

The general plan of his will dated October 31, 1882, and probated Feb. 27, 1884, was (a) to bequeath his whole estate to his executor in trust to pay the entire income thereon to his wife "during her natural life;" (b) to make special provisions for each of his two then unmarried daughters, Mamie E. and Elsie E., if they survived their mother, by directing that his executor hold $1,000 for each of them upon the trusts hereinafter described; and (c) to divide, at the death of his widow, the residue of his estate among his six children equally, having regard to the advancements

made to each, "so that all and each shall have share and share alike from home, and a strictly equitable distribution of my estate be made among my children." The daughters specially provided for survived their mother who died some time prior to 1895. The portion of the will creating trusts primarily for their benefit reads: "And when she [testator's widow] dies, I direct that my executor keep at interest one thousand dollars for my daughter Mamie E. Berg and one thousand dollars for my daughter Elsie E. Berg; if they survive my wife their mother. These named one thousand dollars for each of my above named daughters shall remain on interest, and the interest annually or semi-annually paid to them so long as they live in single blessedness. But should either of them die or enter into a state of matrimony then the thousand dollars of that one is, in case of her death, to be equally divided among my remaining children, and in case of her marriage, it is to be divided equally among my children her included. And so the same if the other should die or get married." The trust in favor of Elsie E. terminated upon her marriage sometime prior to 1901 and we are now concerned only with the distribution of the corpus of the fund placed in trust for Mamie (Mary) E. Berg.

On August 17, 1895, the predecessor of the Peoples Trust Company of Lancaster, accountant in this proceeding, was appointed trustee of that $1,000 as the successor of the original executor. Mary E. Berg never married and the trust was administered in accordance with the provisions of the will until it was terminated by her death, intestate, on January 2, 1928. Shortly thereafter the trustee filed its account, showing a balance for distribution of $918.51—of which $900 is corpus—and the present controversy arose over the distribution of this balance. The testator directed that this fund, under the circumstances here present, should "be equally divided among [his] re-

maining children.'' One sister, Justine E. McDonnell, and one brother, J. Harry Berg, survived Mary E. Berg; two brothers and one sister had predeceased her. They were M. Luther Berg, who died in 1900, intestate and leaving to survive him a widow, Alice A. Berg, and two children, Elsie R. Berg and Elmer A. Berg, the appellant; Elsie E. (Berg), intermarried with A. H. Lafean, who died in 1901, intestate and leaving her husband but no issue; and Isaac E. Berg, who died in 1903, intestate and leaving a widow, Emma H. Berg, who died in 1927, and two children, Leroy Berg and Randal Berg.

Justine E. McDonnell in 1909 entered a judgment for more than $2,000 against her brother, J. Harry Berg, and attached in the hands of the accountant his interest in this trust fund. Answering the interrogatories, the accountant admitted that it has in its hands the interest of J. Harry Berg in the fund, as the same may be determined upon final distribution. The proceedings in the court below resulted finally in a decree awarding to Justine E. McDonnell the entire fund for distribution—one-half thereof in her own right and the other as an attaching creditor of her brother, J. Harry Berg.

Appellant contends that each of Mary E. Berg's brothers and sisters, including his deceased father, M. Luther Berg, had an interest, in remainder, in the fund upon which she was to receive the income during her life, or until her marriage, which interests vested upon the death of the testator and were not contingent upon surviving Mary E. Berg; and that the fund should therefore have been divided into five equal shares, three of which should have been distributed to the persons entitled to participate in the respective estates of the three deceased children of Andrew Berg. If appellant's contention is sound he would be entitled to one-third of one-fifth of the corpus. A majority of the members of this court are of opinion that

his contention should not be sustained. There is in this will no direct or express gift to remaindermen; the gifts to them arise only by implication from the direction that the fund "be equally divided among [testator's] remaining children."

The opinion of the learned president judge of the court below is to the effect that the intention of the testator is not so reasonably clear as to justify a court in ignoring the rule of construction in existence in this state from Moore v. Smith, 9 Watts 403, 407, to Feeney's Estate, 293 Pa. 273, 280, that "where a gift is only implied from a direction to pay, it is necessarily inseparable from the direction, and must partake of its quality; insomuch that if the one is future and contingent, so must the other be."

"Where there is no gift but in a direction to pay or transfer or divide among several persons, at a future period, though the future period is annexed to the payment, possession or enjoyment, yet it is also annexed to the devise or bequest itself. For, in this case, the direction to pay or transfer or divide, constitutes the devise or bequest itself; and therefore, the vesting in interest is postponed, and not merely the vesting in possession or enjoyment": Smith on Executory Interests, section 314, cited and approved in Kountz's Estate, No. 1, 213 Pa. 390, 395, and Rosengarten v. Ashton, 228 Pa. 389, 394. "The rule is conceded that where there is bequest in the form of a direction to pay, or pay and divide 'from and after' the happening of any event, 'then the gift being to persons answering a particular description, if a party cannot bring himself within it he is not entitled to take the benefit of the gift.' There is no gift in these cases except in the direction to pay or in the direction to pay and divide": Man's Estate, 160 Pa. 609, 612. Additional authorities are cited in Reiff's Appeal, 124 Pa. 145, 151, in which it is said: "And in many cases, following the rule in England, our Supreme Court has

held that where there is no antecedent gift, independent of the period fixed for payment, then the gift is not vested but contingent." See also Evans' Estate, No. 1, 264 Pa. 357. The qualification to the rule is also stated in Man's Estate, supra, and discussed at length in Groninger's Estate, 268 Pa. 184. It is that "if, upon the whole will, it appears that the future gift is only postponed to let in some other interest, or, as the court has commonly expressed it, for the greater convenience of the estate ...... the interest is vested notwithstanding, although the enjoyment is postponed."

It was said in Marshall's Estate, 262 Pa. 145, and repeated in Groninger's Estate, supra, that "though, there be no other gift than in the direction to pay or distribute in futuro, yet if such gift or distribution appears to be postponed for the convenience of the fund or property, or where the gift is only postponed to let in some other interest, the vesting will not be deferred till the period in question." We also quote the following from the case last cited: "Where the enjoyment of the gift over is postponed to accommodate the estate, or for the payment of debts, or to meet any other burden first imposed, and not chiefly on account of the character of the donee, it is regarded as a decisive circumstance in favor of immediate vesting: 2 Redf. on Wills, 236, section 37. ...... The mode or form of the bequest seems to be regarded by Vice-Chancellor Wigram as immaterial. ...... The question is one of substance and not of form, and in all cases it is whether the testator intended it [as] a condition precedent that the legatees should survive the time appointed by him for the payment of their legacies; the answer to this question must be sought for out of the whole will, and not in the particular expression only in which the gift is made": (citing cases).

Considering this will as a whole we are unable to

discover anything in it indicating that the enjoyment of the estate over was postponed for any reason other than the protection of the beneficiary for life. We also think there is inherent evidence that the intention of the testator was that those who were to take as remaindermen were such of his children as survived the termination of the trust. The natural meaning of the phrase, "my remaining children," is those remaining or surviving when the event terminating the trust occurred. Manifestly, it was his intent that different persons were to share in the corpus, depending upon the manner of the termination. If it terminated by the marriage of the beneficiary the fund was to be divided among "my children her included;" if by her death, among "my remaining children." It could not be determined who would share until it was known in which way the trust terminated. As events transpired the first trust to terminate was that in favor of Elsie E. Berg, which, as stated, ended with her marriage. One of the results of the adoption of appellant's contention would be to give her surviving husband a share in the fund now for distribution. We find nothing in the will to indicate such intent upon the part of the testator. His primary intent was to benefit his own children rather than their husbands, widows or descendants. Nor can we see that the provision in the second paragraph for the division of the balance of the estate among testator's children share and share alike, subject to the advancements made to each, supports the contention of appellant. That portion of the will dealt only with the balance remaining after the two trust funds had been taken out of the estate. The advancements were to be deducted only from shares in this balance. In Rau's Estate, 254 Pa. 464, cited in behalf of appellant, there was not only a directed gift over to the children of the testator's daughter, the beneficiary for life, but

also a charge against the portion of the estate given in trust for her and her children.

Walker's Estate, 240 Pa. 1, is an illustration of the principle that the intention of the testator is to be gathered from the whole will. There the bequest was to a daughter for life and at her death to her "child or children" or in case she "should die without living issue" then to "all my children, their heirs and assigns." The daughter was survived by a grandchild and it was held that this grandchild was entitled to the bequest because it was clear that the testator did not intend that his other children should have any part of the legacy given to the daughter for life if she left a lineal descendant. It seems equally clear that this testator intended that, if the necessity for the protection of this unmarried daughter ceased by reason of her death, her surviving brothers and sisters—his "remaining children"—alone should benefit. The time appointed by him for payment to them was the marriage or death of Mary E. Berg; survival of the event, upon the happening of which payment was to be made, was a condition precedent to the vesting of their interests. In this case the rule of construction and the intent of the testator, as disclosed by the language of the will, are in harmony.

The interest of appellant's father in the fund now for distribution was contingent upon the termination of the trust during his lifetime; as it was not terminated during that period, appellant acquired no interest as one of his father's representatives.

The decree of distribution is affirmed at the cost of appellant.