## IN RE ESTATE OF NORMAN KITTSON.
## LUCILLE KITTSON TORRY, RESPONDENT.[1]

May 17, 1929.

No. 27,297.

*O'Brien, Horn & Stringer,* for appellants.
*F. M. Catlin,* for respondent.

[1]Reported in 225 N. W. 439.

470

Holt, J.

The appeal is from a judgment of the district court affirming a decree of the probate court distributing a one-ninth share of the residue of the estate of Norman Kittson to the respondent to the exclusion of appellants, who claim one-half thereof.

The facts are stipulated. Norman Kittson died testate leaving no wife, issue, or parent. The will, after providing for debts, funeral and administrative expenses, made certain specific bequests and then, by the sixth paragraph, bequeathed the residue in equal shares to his brothers and sisters, naming each, seven of whom were then living, and one sister and one brother being dead. The language disposing of the dead sister's share to her children is the same, the name excepted, as that pertaining to the share of the deceased brother, which reads:

"An equal share to my nephews and nieces (children of my deceased brother, Louis Coyle Kittson) collectively, as survive me, who in turn shall share equally in said total share, which total share is the equivalent to the share given herein to each of my surviving brothers and sisters.

"Providing always, that if any of my said brothers and sisters die before I do without leaving issue him or her surviving, or, if they die leaving issue, which issue do not survive me, then his or her share shall revert to my said estate and become a part and parcel of the residue thereof. Or, if all the children of my deceased sister, Annie K. Heath, or all of the children of my deceased brother, Louis Coyle Kittson, die before I do, the share bequeathed and devised to them respectively, as hereinbefore provided, shall likewise revert to my estate and become a part and parcel of the residue thereof. If, however, any of my said brothers or sisters die before I do leaving issue, him or her surviving, then and in that event the said share which would have gone to said brother or sister if he or she had survived me, shall go to the said issue him or her surviving me by right of representation in equal shares."

The will was made in April, 1923. Norman Kittson died March 31, 1927. Two brothers and one sister died after the will was made

and before testator. The brother Louis Coyle Kittson died in 1892, leaving him surviving two children, Lucille Kittson Torry, respondent, and Norman Wolfred Kittson. The latter died in October, 1918, leaving two children, Mary DeCamp Kittson, born July 11, 1916, and Norman Wolfred Kittson, Jr. born September 10, 1918, the two appellants.

If the language of this bequest be considered only in conjunction with the second sentence in the proviso, relating to its lapsing or reverting, there could be no escape from the conclusion that no descendant of Louis Coyle Kittson could take except a child of his who survived testator. The primary or ordinary meaning of the word "nephew," "niece," "child" does not include "grandnephew" or "grandniece" or "grandchild." In re Will of Nicholson, 115 Iowa, 493, 88 N. W. 1064; Matter of Woodward, 117 N. Y. 522, 23 N. E. 120, 7 L. R. A. 367. But there have been wills where a testator's designation of "nephews" and "nieces" have been construed as also embracing grandnephews and grandnieces. Huntress v. Place, 137 Mass. 409; Farmers Tr. Co. v. Borden, 83 N. J. Eq. 222, 89 A. 985; Leask v. Richards, 116 App. Div. 274, 101 N. Y. S. 652, affirmed, 188 N. Y. 291, 80 N. E. 919, the court of appeals adopting upon that proposition the opinion of the lower court. See also Campbell's Estate, 202 Pa. 459, 51 A. 1099; Walker's Estate, 240 Pa. 1, 87 A. 281; Grubb's Estate, 263 Pa. 468, 106 A. 787. If the plain language of the will does not leave the taker of this bequest uncertain or doubtful, there is no occasion or room for construction or search for testator's intent. But it seems to us that doubt and ambiguity arise from the language employed under the situation existing when the will was made.

It is to be assumed that the testator knew that his nephew, the father of appellants, had died five years before and left appellants surviving, and that the only living child of his deceased brother Louis Coyle Kittson was respondent. There was then no reason for a bequest to a class or group if he intended her alone to take. Surely it was inappropriate and misleading to designate her as "children" of Louis Coyle Kittson or as his "nephews and nieces."

If he meant her to be the sole legatee, she being the only living child of his brother, these words used in the bequest are wholly needless and confusing, "collectively * * * who in turn shall share equally in said total share," for the whole share was then hers and there was no possibility of any one's coming into existence either to share with her or take in her place. And since there was only one child of Louis Coyle Kittson living when the will was executed, the reference to "all of the children of my deceased brother," in the second sentence of the proviso quoted above, relating to the reverting or lapsing of the share, puzzles the understanding.

The rules for interpreting a will are adequately expressed in In re Estate of Freeman, 151 Minn. 446, 187 N. W. 411, and the cases therein referred to. The main thing for the courts is to ascertain the intent of the testator. For that purpose the whole will must be studied. The general scheme or plan of Norman Kittson's will appears to be to divide the residue of his estate equally among his brothers and sisters, so that each and the surviving lineal descendants of any brother or sister predeceasing testator should have an equal share. This appears from the last sentence in the proviso above set out, which we think was meant to qualify the two preceding sentences. For no reason can be ascribed for any discrimination between the children of the brother or sister dying after the will was made and those of the brother or sister who had died previously thereto. In this view the word "children" is employed as synonymous with "issue." This leads to the conclusion that testator by using the plural "children" as well as the terms of "nephews" and "nieces" in his bequest to his deceased brother's children meant both respondent and appellants, appellants to take by substitution the share their father would have taken had he lived.

The conclusion is strengthened by the interpretation this court had given to G. S. 1923 (2 Mason, 1927) § 8747, which may be assumed to have been in the mind of testator and the draftsman of the will. In Brookhouse v. Pray, 92 Minn. 448, 100 N. W. 235, the legatee was dead when the will was made, but the court held that had his children lived until the time when under the will the dis-

tribution was to be made they would have taken by virtue of the statute as purchasers and not as heirs of their father. Therein is quoted with approval, from Baker v. Carpenter, 69 Ohio St. 15, 23, 68 N. E. 577, this language which may be applied to appellants:

"They are mere 'statute made' legatees, who by force of the provisions of section 5971 [R. S. Ohio 1892] take the place of their father and are given what, but for his death, would have gone to him as primary legatee under said will, and as such substituted legatees * * * in the language of the statute itself, they 'must take in the same manner as he would have done had he survived the testator.' "

There are authorities which hold that this statute is applicable only to issue of legatees of a class dying after the will is made and prior to the death of the testator. Howland v. Slade, 155 Mass. 415, 29 N. E. 631; Billingsley v. Tongue, 9 Md. 575; Matter of Turner, 208 N. Y. 261, 101 N. E. 905; Almy v. Jones, 17 R. I. 265, 21 A. 616, 12 L. R. A. 414; In re Estate of Hutton, 106 Wash. 578, 180 P. 882, 3 A. L. R. 1673. But the authorities to the contrary apply the statute with the same force where the death of a legatee of a class occurred prior to the making of the will as where it occurred in the interim between its making and the testator's demise. Kehl v. Taylor, 275 Ill. 346, 114 N. E. 125, Ann. Cas. 1918D, 948; Bray v. Pullen, 84 Me. 185, 24 A. 811; Jamison v. Hay, 46 Mo. 546; Murphy v. Enright (Mo. Sup.) 264 S. W. 811; Wildberger v. Cheek, 94 Va. 517, 27 S. E. 441. We think this court in Brookhouse v. Pray, 92 Minn. 448, 100 N. W. 235, aligned itself with the authorities last mentioned. We conclude that appellants were each entitled to one-fourth of the amount decreed to respondent.

The judgment is reversed with direction to enter one in conformity with this opinion.

DIBELL, J. (dissenting).

In my judgment the trial court construed the will correctly and its judgment is right.

STONE, J. took no part.