In re: Estate of Joel Roth, Deceased.

**444**

Argued December 9, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*J. M. Rapoport* of *Groman and Rapoport,* and with him *George M. Lutz* and *David Getz,* for appellant.

*L. H. Rupp* of *Butz, Rupp & Welty,* for appellee.

OPINION BY BALDRIGE, J., January 30, 1931:

Joel Roth, died August 1, 1919, first having made a will, dated August 29, 1912, whereby his residuary estate was to be divided equally among his four children. One of his sons, Glasco Roth, died during the lifetime of the testator, leaving to survive him a son, Lawrence Roth. On the 15th of June, 1917, after the death of Glasco, the testator added to his will the following codicil:

"This is a Codicil, to be added to and taken as part of the last Will and Testament of me, Joel Roth, which bears date the 29th day of August 1912, whereby my Grandson Lawrence Roth, son of Glasco Roth, if he should die before he arrives at the age of Twenty-one years, his share shall be divided, into three equal parts or shares, I, give and bequeath one share to Savannah Seisholtz, one share to Lloyd Roth and one share to Stanley Roth, in Trust, If he (Lawrence) should live to become to the age of Twenty-one years, his share shall be placed in Trust by some Trust Company, until he arrives at the age of Forty years and in case he shall die without any legal heirs, his share shall be divided among his Aunt Savannah Seisholtz, Lloyd Roth and Stanley Roth, and Stanley in Trust.

If Stanley Roth dies before he becomes to the age of Forty years and leaves no legal heirs, to survive him his share shall be divided into three equal shares, one share to Savannah Seisholtz, one share to Lloyd Roth and one share to Lawrence Roth, son of Glasco Roth, and do hereby ratify and confirm my said will in all other respects."

The testator's grandson, Lawrence Roth, died on August 16, 1929, approximately one month prior to his arrival at the age of 21 years, leaving to survive him a widow and a posthumous child. The Lehigh Valley Trust Company, of Allentown, guardian of the widow and the surviving child, was awarded the money for distribution in the hands of the trustees of Lawrence Roth, which had been received from the Joel Roth Estate. Exceptions were filed to the adjudication of the auditor by the two sons and daughter of Joel Roth, which were dismissed by the court below, and, therefore, these two appeals were taken by Lloyd Roth and Savannah Seisholtz.

The appellants argue that the gift to the testator's grandson was a contingent legacy as it depended upon

the grandson's attaining the age of 21 years, and, as he died prior thereto, it never vested. They invoke the rule that where a legacy is given to a person to be paid at a future time, it vests immediately; but where it is not given until a future time, it does not vest until that time: Smith's Est., 226 Pa. 304; Grothe's Est., 237 Pa. 262; Berg's Est., 96 Pa. Superior Ct. 125.

Our duty in this case, as in every other testamentary disposition which becomes a subject of judicial inquiry, is to ascertain, if possible, the intention of the testator as appears from a full and complete consideration of the entire will and codicil when read in the light of surrounding circumstances. When this intention is once ascertained, it must control: Hoyt's Est., 236 Pa. 433 (440); Biles et al. v. Biles, 281 Pa. 565.

With this cardinal rule of construction in mind, let us analyze the codicil. We find that if "he (Lawrence) should die before he arrives at the age of Twenty-one years, his share shall be divided." "His share" is a recognition that Lawrence was to participate in the testator's estate; it will be noted that the codicil itself does not give Lawrence a share. We must assume that the testator was aware that the legal effect of the death of his son, Glasco, was to pass his share to his only son, Lawrence, as provided by the Act of 1917, P. L. 408, Section 15 (a). Lawrence, therefore, under the will itself, had a share that vested, not in the event of his reaching 21 years of age, but at the death of the testator. There was no condition attached that Lawrence was to receive his share *when* he arrives at the age of 21, as in Bowman's Appeal, 34 Pa. 19; or *if* he becomes 21; or similar language indicating a vesting at a future time. What the testator said is, that "if he should die before he arrives at the age of Twenty-one years, his share shall be divided, into three equal parts or shares." The testator, no doubt, realizing that Lawrence could not have control of his share

or bequeath it by will during his minority, desired to provide for its disposition in the event of his death without issue. The testator then directs that if Lawrence attains the age of 21, his share shall be placed in trust until he arrives at the age of 40 years, and in case he dies without any legal heirs, it shall be divided among his aunt and two uncles.

The appellants contend that "in case he shall die without any legal heirs" refers only to the period of Lawrence's age between 21 and 40 and has no relation to the period prior to reaching his majority. That interpretation, the appellee argues, would break the codicil into two distinct parts, which, under the punctuation, is not warranted. The codicil, it will be noted, is in one sentence and it is very evident that it was not drawn by a skilled scrivener. The punctuation in such circumstances is not very helpful in ascertaining the testator's intention: Tarter's Est., 291 Pa. 458. But if we accept the appellants' construction, we would have to conclude that it was the testator's intention that if Lawrence died before a certain age, his legal heirs would take nothing; if he survived that age, they would inherit. We find no justification for such a conclusion.

A reading of the entire will and codicil indicates an intention to put the son of Glasco on a parity with the testator's other children. Equality appears to have been in the testator's general scheme. This desire for an equal distribution is made more manifest in the latter part of the codicil where provision is made that if Stanley dies and leaves no legal heirs, "his share shall be divided into three equal shares......one share to "Lawrence Roth, son of Glasco Roth." Furthermore, if we assume the intention of the testator is obscure from the inartificial manner in which the codicil is drawn, and if there is no obstacle in the will or from the surrounding circumstances (and none appears), a

construction of equality should be adopted. In our judgment, such an interpretation gives effect to the testator's purpose.

The distribution decreed that the balance in the accountant's hands was to go to the Lehigh Valley Trust Company, guardian of the widow and minor child of Lawrence Roth, deceased, which we think is entirely proper. In a bequest of personalty, unless a contrary intent is indicated by the will, the words "legal heirs" signify heirs as ascertained by the statute of distribution; therefore, the widow was entitled to participate in the fund: Gilmor's Est., 154 Pa. 523 (534).

Decrees are affirmed.