GEORGE C. ARMSTRONG *vs.* JANE C. ARMSTRONG *et al.*

Argued July 12, 1893. Affirmed July 21, 1893.

**A Will Construed.**

A will construed, and *held* to create a contingent remainder.

Appeal by plaintiff, George C. Armstrong, from an order of the District Court of Ramsey County, *William Louis Kelly*, J., made March 22, 1893, denying his motion for a new trial.

George W. Armstrong of St. Paul died testate July 1, 1877. His will was admitted to probate in Ramsey County Probate Court, and his estate, both real and personal, was on September 25, 1878, by order of distribution, awarded by that court to the trustees named in the will. Its appraised value was $110,000. They accepted the trust, but subsequently resigned, and the St. Paul Title Insurance and Trust Company was appointed successor in the trust. The testator left six children, all under fifteen years of age. The plaintiff is one of these children. He is now of age and commenced this amicable action January 21, 1892, against the other children, his mother and the trustee, to obtain a construction of the will. He alleged that doubts had arisen as to the true construction and effect to be given the will, as to the ownership of the principal of the estate, and the right to the possession and enjoyment of the same, upon the termination of the trusts specified in the will. The trustee claimed that the will operates as a devise of the entire estate and of all interests therein, and that the interests of the plaintiff and the other children in the principal of the estate, after the termination of the trust period, is a contingent and not a vested remainder. On the other hand, plaintiff claimed that the will operates only to create a trust for a limited period, and to dispose only of the income of the estate during the trust period, leaving the principal of the estate undisposed of, and vesting absolutely in the widow and six children, immediately upon the death of the testator. That only the right of possession and enjoyment are postponed until the termination of the trust period specified in the will.

The following is a copy of the will:

I, George W. Armstrong, of the City of St. Paul, in the State of Minnesota, mindful of the uncertainty of life, do make, publish and declare this my last will and testament.

First, I direct that all my just debts and funeral expenses be paid by my trustees hereinafter appointed.

I hereby give, bequeath and devise unto Thomas W. Coleman, John M. Armstrong and Albert Armstrong, all my property and estate, real, personal and mixed, of whatever kind or wherever situated, in trust to be by them held, for the benefit of my wife, Jane Armstrong, during her lifetime, and after her death for the benefit of my children (or their survivors) in the proportion that each would be entitled to under law, that is share and share alike, had this will not been executed, until my said children shall become of lawful age, and I hereby fully authorize and empower the trustees aforesaid to manage my said estate committed to their care in the manner that to them shall be deemed best for the interests of said estate and the beneficiaries thereof. It is my wish that my said trustees shall pay to my wife during her life, such monthly payment for the support of herself and my children, as will equal about the average net monthly income from my said estate, or as may be necessary for her and their reasonable support and comfort, and if there shall be a surplus of income over the expenses necessary for the support of my wife and children, then the said trustees will invest such surplus for the benefit of my legatees, in such a way as to them may seem advisable. In case of the death of my wife during the minority of my children, I direct the trustees aforesaid to pay to the guardian or guardians of my children such reasonable sum quarterly, as may be necessary for their support and education until they shall respectively become of age. And I hereby constitute and appoint my wife and my father-in-law, Thomas W. Coleman, guardians of my children.

In witness whereof, I have hereunto affixed my hand and seal this sixth day of March, 1874.

GEORGE W. ARMSTRONG. [SEAL.]

The issues were tried and findings were made November 19, 1892. The trial court held that the Probate Court, having by its judgment established the will, it was too late to question the valid-

ity of its provisions in any particular. It was only left to be construed according to its language. Whether the trusts created were valid under the Statute of Uses and Trusts was not open for consideration. It held that the plaintiff and the other children did not take a vested remainder in the estate devised, but took a contingent remainder to become vested at the termination of the trust period. Should one or more of the children die before the determination of the estate vested in the trustee, his or her share would go to the survivors, so that the persons who will eventually take the estate in fee, are not yet ascertained; and cannot be, until the death of the widow, and the surviving children are all of age. The plaintiff moved for a new trial, and, being denied, appeals.

*Eller & How,* for appellants.

*H. F. Stevens* and *J. D. Armstrong,* for respondents.

GILFILLAN, C. J. Assuming that the interests or estates of the children of the testator in the estate left by him are remainders, then they come under the classification of contingent remainders. A remainder is contingent while the person to whom, or the event upon which, it is limited to take effect remains uncertain. 1878 G. S. ch. 45, § 13. The estate, real and personal, is devised and bequeathed to the trustees, to be held for the benefit of the wife during her lifetime, "and after her death for the benefit of my children, (or their survivors,) in the proportion that each would be entitled to under law—that is, share and share alike—had this will not been executed, until my children shall become of lawful age." The precedent estate vested in the trustees was to continue during the life of the wife, and, in case she died while any of the children should be minors, then to continue during the minority, which precedent estate was created, partly, at any rate, in order that the children surviving, when that estate should cease, might take share and share alike. It is not disputed that, if the words "share and share alike" refer to the principal of the estate, a contingent remainder was created, for the provision that the survivors shall so share renders it uncertain to whom the remainder will pass on the termination of the precedent estate. To avoid this inevitable conclusion it is suggested that the clause we have quoted, especially the words "share and share alike," apply only to the income of the

estate; but that part of the will treats only of the body of the estate. The subsequent part of it makes provision for disposition of the income during the precedent estate, without any regard to the idea of equality in sharing it among the children or their survivors. In the first place, so much of the income during the life of the wife as may be necessary for the reasonable support and comfort of her and the children is to be paid to her for that purpose. That might take the entire income. And the surplus, if any, was to become part of the principal estate. In the second place, in case the wife should die during the minority of any of the children, the trustees were directed to pay to the guardian or guardians, not the equal share of each child in the income, but "such reasonable sum, quarterly, as may be necessary for their support and education, until they shall respectively become of age," which might take all the income. No question is made as to the validity of the will. Its plan is apparent and simple. It is to keep the estate together till the death of his wife, and the arrival at majority of any children, minors at her death, and that it shall then go to the children then alive.

Order affirmed.

(Opinion published 55 N. W. Rep. 971.)