**In re TRUST UNDER the WILL OF Arthur HOLT.**

**No. C0–92–859.**

Court of Appeals of Minnesota.

Sept. 22, 1992.

Richard P. Clem, Clem & Crosby, Minneapolis, for appellants.

Eric J. Magnuson, Rider, Bennett, Egan & Arundel, Minneapolis, for respondent.

Considered and decided by PETERSON, P.J., and LANSING and AMUNDSON, JJ.

## OPINION

LANSING, Judge.

Beneficiaries of a testamentary trust appeal the district court's order construing the trust and distributing the trust property. We affirm the district court's decision that the shares of the deceased beneficiaries should pass to their estates rather than be divided among the surviving beneficiaries.

## FACTS

Arthur Holt died testate in 1975. His will created two residuary trusts, A and B, which paid income to his wife Esther Holt during her lifetime and were available for her support, if necessary. Trust A, the marital trust, provided Esther Holt a general testamentary power of appointment. If the power was not exercised, the corpus passed to Trust B. The corpus of Trust B was to be paid to thirteen named beneficiaries at Esther Holt's death. Esther Holt died in 1991, without having exercised her testamentary power of appointment.

Trustee First Bank petitioned the district court to construe the will and determine the persons having an interest in the balance of the trust property. All thirteen beneficiaries survived Arthur Holt. However, two beneficiaries, Esther Holt's niece and nephew, did not survive Esther Holt.

At the hearing, four of the surviving named beneficiaries asserted that under Minnesota law the shares of the deceased niece and nephew should pass to the eleven surviving beneficiaries rather than to the deceased beneficiaries' estates. After the hearing the probate referee recommended that the trust shares of the deceased niece and nephew pass to their estates. The district court approved the recommendation.

## ISSUE

Did the district court err in deciding that the trust beneficiaries' interests did not lapse when they died after the testator but before termination of the intermediate estate?

## ANALYSIS

A trust created by will comes into effect when the testator dies. A trust beneficiary must be living at the time of the testator's death in order to have an interest in the trust property. *See* Restatement (Second) of Trusts § 112 (1959); *In re Estate of Nonnemacher*, 215 Minn. 604, 606, 11 N.W.2d 147, 148 (1943). A trust beneficiary may have a present or future interest, depending on the terms of the trust. By definition a future interest is one which involves a postponement of the possession and enjoyment of the property. Simes and Smith, *The Law of Future Interests* § 575 (2d ed. 1956).

When the terms of the trust are not specific, questions arise on whether a beneficiary's interest is lost if the beneficiary fails to survive until any preceding interests terminate and the time for possession arrives. *Id.* The mere labeling of a beneficiary's interest as "vested" or "contingent" is not helpful in resolving the issue. *See id.* As section 575 points out:

[I]f the court finds that the deed or will imposes a requirement that the taker survive to a certain time, then it is fre-

quently immaterial whether that requirement is a condition precedent (thus making the interest contingent) or whether the requirement is a condition subsequent operating to divest a previously vested interest. In either case, the interest is completely destroyed when the taker fails to survive.

■ The terms of a testamentary trust are determined by the provisions of the will as interpreted in light of all the circumstances and in accordance with general rules of construction. Restatement (Second) of Trusts § 21, cmt. c. Minnesota has established a three-tiered hierarchy for interpreting testamentary trust provisions: (1) the testator's intention, (2) statutory rules of construction, and (3) common law rules of construction for determining the testator's intent. *See Brookhouse v. Pray*, 92 Minn. 448, 100 N.W. 235 (1904); Minn. Stat. § 524.2–603 (1990).

■ The first-tier consideration is that the testator's intention as expressed in the will controls the legal effect of the dispositions. Minn.Stat. § 524.2–603. Arthur Holt's will contains no language indicating that he intended that the thirteen beneficiaries of Trust B must survive life beneficiary Esther Holt in order to take their shares. Extrinsic evidence supplied at the hearing as well as evidence submitted later sheds no additional light. A beneficiary's testimony that Arthur Holt said the beneficiary must outlive him in order to inherit is not probative of whether Arthur Holt intended that the beneficiary must survive Esther Holt as well. Similarly, the testimony that Arthur and Esther Holt indicated that beneficiary deaths would result in redistribution to "the remaining family heirs on that side of the family" does not identify whether the reference was to beneficiary deaths occurring before Arthur Holt's death or Esther Holt's death.

The second tier of analysis focuses on the rules of construction set forth in Minn. Stat. § 524.2–603 which apply unless a contrary intention is indicated in the will. For example, if a devisee fails to survive the testator, the gift lapses unless the devisee is the testator's grandparent or a lineal descendant of the grandparent. *Id.* § 524.2–605 (1990). If the residue is devised to two or more persons and the share of one of the residuary devisees fails for any reason, his share passes to the other residuary devisees in proportion to their interests in the residue. *Id.* § 524.2–606(b) (1990).

These two statutory rules do not resolve whether surviving the termination of the intermediate estate is a condition precedent to sharing in the trust distribution. Section 524.2–605 speaks only of surviving the *testator*, not any intermediate estate. Furthermore, the two deceased beneficiaries were not on testator's side of the family. Section 524.2–606(b) formulates a rule for residuary devisees when the gift to one of them *fails*, but it does not provide a definition of what constitutes failure. It does not answer the question of whether failure to survive an intermediate estate causes the gift to a named beneficiary to fail.

The third tier in the hierarchy of interpreting testamentary trust provisions consists of common law rules of construction for determining the testator's intent. A court may employ such rules to impute intent when the testator does not clearly express an intention in his will. "Rules of construction, derived from experience and found helpful, are not overlooked, but they are not technical guides which will be followed to a result contrary to the intent derived from the reading of the will as a whole." *In re Estate of Freeman*, 151 Minn. 446, 449, 187 N.W. 411, 412 (1922).

■ One such rule is a presumption in favor of early vesting, a "doctrine everywhere recognized." Simes and Smith, § 573. As between a construction which effects an earlier or a more remote vesting, the presumption is in favor of the earlier vesting. *Id.* Any doctrine of implying conditions precedent must be weighed against this presumption in favor of a vested interest. *Id.*

Courts have also recognized other rules of construction in cases involving the question of an implied condition precedent of survivorship. Section 576 of Simes and

Smith, quoting *In re Estate of Isenberg*, 28 Haw. 590, 649 (1925), lists ten such rules: (1) The absence of an alternative gift over is indicative of an intention to make the gift vested and not contingent; (2) The absence of an expressed reversion in favor of the testator's heirs is indicative of the same intention; (3) The fact that the statement of time is annexed to the possession or enjoyment and not to the words of gift tends the same way; (4) The mere postponement of the time of possession or enjoyment does not make contingent a gift otherwise vested; (5) When it is apparent that the testator was not thinking of the attainment of the specified age by the legatee as an uncertain event but merely as marking a period of time, the devise or gift is not contingent; (6) When the language used is susceptible of two constructions, one producing and the other avoiding a partial intestacy, the latter is to be favored; (7) A gift of the intermediate use or income to or for the benefit of the legatee is strong evidence that the gift is not contingent upon the attainment of the specified age; (8) If the enjoyment of the gift of the principal is postponed in order to let in some other interest, such as a life interest in the income, the gift is vested, the presumption being that the testator postponed the distribution or payment for the purposes of the prior bequest and not to prevent the ulterior legacy from vesting; (9) The fact that a legacy is given to trustees until the attainment of a certain age by the beneficiaries of the trust does not militate against its vesting, where they hold it solely for the benefit of the persons ultimately entitled; (10) The construction of a testamentary gift as vested is sometimes bolstered by reference to other gifts, which were clearly vested, to persons standing in the same relation to the testator.

The contesting beneficiaries essentially request that we disregard these rules in favor of recognizing a general rule that remainder beneficiaries must be living at the end of an intermediate estate in order to take their shares, unless the testator's will clearly demonstrates a contrary intent. This request is based on the "divide-and-pay-over" rule, a principle sometimes used by courts to infer a condition precedent of survivorship until the time a gift becomes possessory. *Id.* § 657. According to this rule, "[w]here the only words of gift are found in the direction to divide or pay at a future time, the gift is future, not immediate; contingent and not vested." *Id.* § 593 (quoting the leading case of *In re Crane*, 164 N.Y. 71, 58 N.E. 47, 48 (1900)). This rule generally applies to class gifts rather than gifts to named individuals. Simes and Smith, § 593.

The trend among states has been to eliminate the divide-and-pay-over rule altogether. *Id.* § 657. It has been described as "unsound" and "a convenient basis for post-rationalization when a conclusion has already been reached." *Id.* §§ 593, 657. Courts have recognized many exceptions to the rule (see the rules of construction listed above). *In re Crane* itself stated that "if the postponement of the payment is for the purpose of letting in an intermediate estate, then the interest shall be deemed vested at the death of the testator * * *." *In re Crane*, 58 N.E. at 48.

The Restatement of Property (1940) rejects the divide-and-pay-over rule. Section 260 states that the rule is essentially meaningless because it is swallowed by its two widely recognized exceptions: The rule does not apply when the postponement of division and payment is (1) for the purpose of letting in an intermediate interest, or (2) is for the convenience of handling the assets (*e.g.*, if the recipient is an infant and the postponement is to provide asset management during infancy).

Three of the four Minnesota cases advanced to support the contesting beneficiaries' interpretation acknowledge the divide-and-pay-over rule but do not hold that it should prevail against all other rules of construction in determining a testator's intent. *See In re Hencke's Estate*, 220 Minn. 414, 19 N.W.2d 718 (1945); *First & American Nat'l Bank v. Higgins*, 208 Minn. 295, 293 N.W. 585 (1940); *In re Bell's Will*, 147 Minn. 62, 179 N.W. 650 (1920).

A case not cited by the parties, *In re Schmidt's Will*, 256 Minn. 64, 97 N.W.2d 441 (1959), applies the divide-and-pay-over

concept, but the will at issue expressly deals with the survivorship issue by providing for alternative gifts should the named beneficiaries not survive. The fourth Minnesota case cited by appellants, *Armstrong v. Armstrong*, 54 Minn. 248, 55 N.W. 971 (1893), does not mention the rule but finds a condition precedent of survivorship based on particular language ("share and share alike") which does not appear in the Holt instrument.

We conclude that Minnesota's hierarchy for interpreting testamentary trust provisions supports the district court's decision. First, the will contains no language indicating that Arthur Holt intended to impose upon the thirteen remainder beneficiaries a condition that they survive Esther Holt. Second, none of the statutory rules of construction apply to our facts. Third, unlike the disfavored divide-and-pay-over rule, the rules underlying the district court's interpretation are widely accepted rules of construction. The presumption in favor of early vesting, the absence of an alternative gift over, and the postponement of a gift solely to let in an intermediate estate all support the conclusion that Arthur Holt did not intend to impose a condition of survivorship.

## DECISION

█ When a testator creates a future interest through a testamentary trust, that interest does not lapse when the beneficiary dies after the testator but before termination of an intermediate estate, unless the testator expressly indicates a contrary intention in his will. The district court correctly ruled that the trust shares of the deceased beneficiaries should pass to their estates rather than to the surviving beneficiaries.

Affirmed.