**Thomas L. STACK, Special Administrator of the Estate of Mary McCarthy Quinn, aka Mary M. Quinn and Mary Francis Quinn, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 93–2249.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 16, 1994.

Decided May 6, 1994.

---

Leo H. Dehler, St. Paul, MN, argued, for appellant.

S. Robert Lyons, Washington, DC, argued, for appellee.

Before McMILLIAN, WOLLMAN, and MAGILL, Circuit Judges.

WOLLMAN, Circuit Judge.

Thomas L. Stack, Special Administrator for the estate of Mary Francis McCarthy Quinn, seeks to recover estate tax and interest paid. The district court concluded that decedent had a vested interest in undistributed proceeds from the McCarthy Well Company Profit Sharing Trust at the time of her death and that the Internal Revenue Service (IRS) properly included the proceeds in the gross estate. It therefore granted the government's motion for summary judgment and denied the estate's motion for summary judgment. We affirm.

The facts have been stipulated by the parties. J. Fred McCarthy, father of decedent, applied to participate in the McCarthy Well Company Profit Sharing Trust on December 31, 1954. He designated the beneficiaries of his interest in the trust as follows:

> In the event of my death, I hereby designate Milan E. McCarthy (address inserted), son, Mrs. Mary Francis Quinn (address inserted), daughter, and Mrs. Audrey Sullivan (address inserted), daughter, or their issue per stirpes as the beneficiary or beneficiaries of whatever benefits are due me from the trust funds at the time of my death, and in the event the aforementioned beneficiary or beneficiaries shall predecease me, I hereby designate to my estate as a contingent beneficiary or beneficiaries.

McCarthy died on December 20, 1981. The documents that determined a participant's rights in the trust on the date of McCarthy's death were the McCarthy Well Company Restated Profit Sharing Trust Agreement as Amended Effective January 1, 1976, dated November 15, 1976, and the Amendment to the McCarthy Well Profit Sharing Trust Agreement, dated November 1, 1977. These documents direct the trustee, upon the death of a participant, to distribute his or her interest in the trust to the participant's beneficiaries as follows:

> In the event the Interest matures by reason of death of the Participant, distribute the Interest (determined as of the concurrent or next preceding annual valuation date) to the Designee, in the Trustee's absolute discretion, after consultation with the Designee and the representative of the estate of such deceased Participant, either outright or in substantially equal installments, spread over a period of not to exceed the lesser of the life expectancy of the Designee or ten (10) years certain.

Mary Quinn was alive at the time of her father's death and therefore was entitled to one-third of his interest in the Profit Sharing Trust. The trustee elected to distribute the proceeds to her in ten substantially equal annual installments.

Mary Quinn died intestate on December 18, 1982, leaving three daughters and a husband. At the time of her death she had received the first of the ten annual installments; the unpaid balance was $143,129.00. On February 9, 1983, her husband filed a disclaimer of his intestate share. The trustee paid decedent's annual installments to her three daughters until May 1988, when he granted the daughters' request to distribute the undistributed balance of decedent's share to them in lump sum payments.

The estate tax return, filed on June 26, 1984, did not include in the gross estate the unpaid balance of decedent's interest in the trust. Upon audit, the IRS concluded that decedent had a vested one-third interest in the trust proceeds at the time of her death,

adjusted the gross estate by the date of death value of her interest, and assessed a tax deficiency against the estate. The estate paid the deficiency and filed a claim for refund with the IRS. The IRS denied the claim; and the estate commenced this suit.

 Although federal law determines the taxability of property interests, we look to state law to determine the nature of decedent's interest. *See Huggins v. United States*, 684 F.2d 417, 420 (6th Cir.1982). Under Minnesota law, a court's purpose in construing a testamentary instrument is to ascertain the intention of the testator as it appears in the language of the instrument when read in light of the surrounding circumstances at the time of its execution. *In re Estate of Arend*, 373 N.W.2d 338, 342 (Minn.App.1985). If the language is unambiguous, extrinsic evidence of what the testator "meant to say and did not or what he might have said if he had thought of it" is not admissible. *In re Silverson's Will*, 8 N.W.2d 21, 23 (Minn.1943).

 We agree with the parties that we must look to the language of McCarthy's beneficiary designation form in order to ascertain his intention regarding the disposition of his interest in the Profit Sharing Trust. The provisions of the Profit Sharing Trust Agreement and Amendment are not relevant to our inquiry. These documents were drafted on behalf of the company and amended to comply with the Employee Retirement Income Security Act and Internal Revenue Code. They do not express the intention of McCarthy as to the disposition of his interest at his death.

The beneficiary designation form names McCarthy's children "or their issue per stirpes" as beneficiaries and his estate as a contingent beneficiary. Mary Quinn's estate contends that the form is ambiguous and submits extrinsic evidence of McCarthy's intention that, to the extent that the benefits were not distributed to Mary Quinn during her lifetime, they were to be distributed to her issue and not to her estate. We conclude that the form is unambiguous and that once Mary Quinn survived her father, she received one-third of his interest in fee simple absolute. The form does not contain any language expressing an intent to create a life estate in decedent or to limit her use of the proceeds. *See First & American Nat'l Bank of Duluth v. Higgins*, 293 N.W. 585, 590 (Minn.1940) (life or some lesser estate can be created only by clear, plain, and unequivocal language restraining and qualifying grant or gift). Further, McCarthy's use of the term "per stirpes" demonstrates his intent that his children's issue were substitute takers in the event his children did not survive him. *See Black's Law Dictionary* 1144 (6th ed. 1990) (per stirpes defined as taking by representation "the share which their deceased would have been entitled to had he or she lived"). "Where the primary taker survives the donor or testator, the gift, devise or bequest vests in him and he takes to the exclusion of the substitutes. The words of substitution become inoperative by the vesting of the gift, devise or bequest in the primary taker." *Higgins*, 293 N.W. at 592. Because Mary Quinn survived her father, the interest vested in her to the exclusion of her issue.

 The trustee's chosen manner of payment does not alter our conclusion. "Where the right to receive the gift is immediate and only the time of payment is postponed, .the gift vests immediately." *Id.* at 594. The estate argues that this case falls under the "divide-and-pay-over rule" and that under the rule Mary Quinn's interest was contingent upon her survival until all distributions were made. The divide-and-pay-over rule is a rule of construction "sometimes used by courts to infer a condition precedent of survivorship until the time a gift becomes possessory." *In re Trust Under Will of Holt*, 491 N.W.2d 25, 28 (Minn.App.1992). According to the rule, "[a] gift is contingent and does not vest until the time or happening of the event named where the only words of gift are a direction to a trustee to pay and distribute or divide and pay over at a future time or upon the happening of a specified event." *Higgins*, 293 N.W. at 595.

We conclude that the divide-and-pay-over rule is not applicable to the present case. McCarthy's words of gift, as stated in his beneficiary designation form, do not contain a direction to delay distribution or to divide

and pay over at a future time or upon the happening of a specified event. The form contains no language indicating that McCarthy intended to impose a condition that Mary Quinn survive until all payments were made. The trustee's ability to choose to delay payments originated from a provision in the Amendment to the Profit Sharing Trust Agreement, not from the beneficiary designation form, and thus was not an expression of McCarthy's intent.

The judgment is affirmed.